HODKINSON, Appellant v. PARKER, et al, Respondents

(16 N. W.2d 924.)

(File No. 8725.   Opinion filed December 21, 1944.)

**Louis H. Smith,** of Sioux Falls, for Appellant.

**Cherry & Braithwaite, Gale B. Braithwaite,** and **Marvin J. McMahon,** all of Sioux Falls, for Respondents.

SICKEL, J.

On March 27, 1943, Glen Hodkinson was a thirteen year old boy playing with other children in the neighborhood of a garage in Sioux Falls. Defendants' truck stuck in the mud near the garage and the children went near and helped the driver free it. Then the driver suddenly backed the truck and crushed the Hodkinson boy between the truck and an old body top. The boy died instantly. Thereafter this action was brought by plaintiff as special administrator, to recover damages for the wrongful death of the child. The case was tried to a jury, who returned a verdict for plaintiff for the sum of $1,780. Judgment was entered for the amount of the verdict, and plaintiff has appealed.

All the assignments of error relate to the refusal of the court to give instructions requested by the appellant. Requested instructions numbered 1, 2, 3, 4, and 6 relate to the subject of negligence. The jury, however, found that the defendant was negligent and returned a verdict for plaintiff. Consequently, plaintiff was not prejudiced by the refusal of these instructions requested by him, whether the instructions should have been given or not.

The appellant next assigns as error the refusal of the court to give requested instruction No. 5. This requested instruction relates to the measure of damages and states that in measuring the damages the jury may consider advice of the son to the parents during life and the prospects of the parents inheriting from the son after his death. The requested instruction then states: "It is the moral as well as the legal duty in this state of every child, whether minor or adult, to assist in the support of their indigent aged parents. Every parent has the right to expect, has the right to anticipate, regardless of legal duty, that in old age his or her child will, if necessary, contribute to his or her support. This expectance, this anticipation of support on the part of the parents, is a sufficient pecuniary loss to sustain a right to damages under the law in question; and it matters not whether the deceased child, prior to the time of the death of such child, had or had not, as a matter of fact, contributed to the support of the parents. It matters not whether the parent at the time of the death of the child was actually

dependent upon the child for support, but the parent is entitled to recover such benefits as they could reasonably have expected to receive from the child under all the circumstances of the case. * * *."

SDC 37.2203 provides that "in every action the jury may give such damages, not exceeding in any case ten thousand dollars as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought."

■ Under this statute the recovery for wrongful death is limited to actual or compensatory damages. The amount of recovery must be based upon expenses necessarily incurred, and a reasonable expectation of benefits which would have resulted from the continued life of deceased. Smith v. Chicago, M. & St. P. Ry. Co., 6 S. D. 583, 62 N. W. 967, 28 L. R. A. 573; Bottum v. Kamen, 43 S. D. 498, 180 N. W. 948; Stratton v. Sioux Falls Traction System, 55 S. D. 464, 226 N. W. 644; Tufty v. Sioux Transit Co., S. D., 10 N. W.2d 767; 25 C. J. S., Death, § 101, p. 1248.

■ This rule applies to the rights of parents whether the deceased child was a minor or an adult. The plaintiff has the burden in either case of proving pecuniary loss resulting from the death of the child, and he must show sufficient facts from which the extent of the damage may be determined by the jury. Smith v. Chicago, M. & St. P. Ry. Co., supra; Tufty v. Sioux Transit Co., supra; 25 C. J. S., Death, § 118, p. 1284.

■■ There is, however, a difference between the relationship of the parent to a minor child and the relationship of the parent to an adult child. In case the child is a minor the parents have the legal right to its services during such minority, while in the case of an adult child the legal duty to the parent is to assist in his support to the extent of the child's ability, when such parents are poor people unable to maintain themselves by work. In case of the wrongful death of a minor child the law presumes that the parents suffer a pecuniary loss between the time of death and the age of majority. To that extent the probability of future benefits to the parents may be inferred by the jury from the relation-

ship and the right of the parents to the earnings of the child, and no specific evidence of such pecuniary loss is necessary to entitle the parents to recover substantial damages therefor. Smith v. Chicago, M. & St. P. Ry. Co., supra, quoting City of Chicago v. Scholten, 75 Ill. 468; note to Raines v. Southern R. Co., L. R. A. 1918C 1058; Interurban R. Co. v. Trainer, 150 Ark. 19, 233 S. W. 816; 25 C. J. S., Death, § 101, p. 1249, § 118, p. 1284.

The presumption referred to above does not apply to the claims of parents for losses probably incurred during the majority of the child. To recover substantial damages for those losses the plaintiff has the burden of proving the probability of loss by a preponderance of the evidence as in other cases. Smith v. Chicago, M. & St. P. Ry Co., supra; Smith v. Presentation Academy, 61 S. D. 323, 248 N. W. 762; Tufty v. Sioux Transit Co., supra; Interurban Ry. Co. v. Trainer, supra; Papini v. Alexander Sanitarium, 12 Cal. App. 2d 249, 55 P.2d 270; 25 C. J. S., Death, § 118, p. 1286.

That part of requested instruction No. 5 which would authorize the jury to consider future advice of the son to the parents and the prospect of the parents inheriting from the son after death presents at most a remote possibility, and proof of a mere possibility is never sufficient to establish a fact. 32 C. J. S., Evidence, § 1021, p. 1053.

Requested instruction No. 5 also purports to state the rule as to the right of recovery by plaintiff. It states in substance that the parents have a right to expect the child will, if necessary, contribute to the support of the parents and that this expectation is sufficient to sustain the right to damages under the statute. This part of the instruction would eliminate the necessity of any consideration by the jury of the child's willingness and ability during his majority to furnish support for his parents. Upon such willingness and ability depends the reasonableness of the expectation of benefits and the probability of loss during the child's majority, without which no recovery can be had. The proposed instruction does contain a general statement that recovery shall embrace benefits reasonably to be expected, but the instruction is so phrased that this clause does not repair the omission referred to above.

For the reasons stated the requested instruction contained incorrect statements of the rule for recovery and was properly refused.

■■ The appellant also assigns as error the refusal of the trial court to give requested instruction No. 9. This requested instruction would permit the jury to consider the present low value of money and the high cost of living in arriving at the amount of future losses. The proposed instruction assumes that the present value of money is low and that the cost of living is high in comparison with their value in the future. There is no evidence to show the future trend of the value of money or of the cost of living, neither could the court be expected under the existing circumstances to take judicial notice of what that trend would be. Therefore, we conclude that the circuit court committed no error in refusing to give requested instruction No. 9.

Judgment affirmed.

All the Judges concur.