Vicki Leigh YOWELL et al.,
Petitioners,

v.

PIPER AIRCRAFT CORPORATION et
al., Respondents.*

No. C–3405.

Supreme Court of Texas.

Jan. 22, 1986.

* The joint motion of the parties for rehearing and modification and reformation of the judgment of this Court is *granted* February 5, 1986. The previous judgment of January 22, 1986 is withdrawn and a new judgment conforming to the compromise and settlement of the parties is substituted therefor.

Estil Vance, Jr., Cantey, Hanger, Gooch, Munn & Collins, Allen Howeth, Robert Stahala, Garrett, Stahala & King, Steve M. King, David Horger, Jr., Fort Worth, Tom H. Davis, Mike Davis, Byrd, Davis & Eisenberg, James H. Furman, Byrd, Davis & Eisenberg, Austin, for petitioners.

Beale Dean, Brown, Herman, Scott, Dean & Miles, Fort Worth, B. Jeff Crane, Jane F. Warmack, Vinson & Elkins, Houston, for respondents.

Daniel R. Barrett, Law Offices of James P. Wagner, Fort Worth, for intervenor.

SPEARS, Justice.

This is a wrongful death and survival case. On February 22, 1977, Howard Reed Yowell, James Luther Ward, Jr., Jimmy Kenneth Fulkerson, and Fabe Ingram, Jr. were killed in a crash of a Piper PA–31–310 aircraft near Springdale, Arkansas. The airplane sustained a mid-air breakup at about 10,000 feet and crashed to the ground. There were no survivors.

Vicki Leigh Yowell, widow of Howard Reed Yowell and executrix of the estate of Howard Reed Yowell, brought this suit for the use and benefit of all persons entitled to recover for the wrongful death of Howard Reed Yowell. Dovie W. Ward, mother of the deceased and executrix of the estate of James Luther Ward, Jr., brought this suit for the use and benefit of all persons entitled to recover for the wrongful death of James Luther Ward, Jr. Nancy F. Fulkerson, widow and administratrix of the estate of Jimmy Kenneth Fulkerson, brought this suit for the use and benefit of all persons entitled to recover for the wrongful death of Jimmy Kenneth Fulkerson. Elizabeth Sue Ingram, widow and administratrix of the estate of Fabe Ingram, Jr., brought this suit for the use and benefit of all persons entitled to recover for the wrongful death of Fabe Ingram, Jr. (The decedents' wives, children, and parents were plaintiffs; for simplicity, all plaintiffs will be referred to as the Yowells.)

After a five-week trial, the jury found Piper liable for the decedents' deaths and awarded the Yowells over eight million dol-

lars in damages. The trial court rendered judgment for the Yowells. The court of appeals reversed the judgment and remanded the cause for a new trial. 674 S.W.2d 447. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Piper did not appeal the jury's finding of liability. The issues presented on appeal involve: (1) damages and pleading requirements for loss of inheritance; (2) jurisdiction over the decedents' mental anguish claims, and the propriety of a trial amendment bringing such claims; (3) companionship, society, and affection damages; and (4) prejudgment interest.

## LOSS OF INHERITANCE

■ This court has not specifically addressed loss of inheritance damages in prior wrongful death cases. In *San Antonio A.P. Ry. Co. v. Long*, 87 Tex. 148, 27 S.W. 113, 116 (1894), this court hinted that "under our statute the loss of prospective increase of inheritance may be an element of damages." In *International-Great Northern R. Co. v. Acker*, 128 S.W.2d 506, 525 (Tex.Civ.App.—Eastland 1939, writ dism'd judgmt. cor.) the court stated that "[i]t is also the recognized law in this state that in such cases a child, whether adult or minor, may recover for wrongful death of a parent, and that in estimating the damages the loss of prospective accumulations of the deceased parent may be taken into consideration in estimating the amount of recovery."

Clearly, heirs or devisees may suffer pecuniary loss to the extent the decedent would have accumulated property and passed it on to the heirs at his later, natural death. In Texas, the plaintiffs do not receive a double recovery when they receive loss of inheritance damages because the decedent's estate has no cause of action for lost future earnings. Tex.Rev.Civ.Stat. Ann. arts. 4671–4678 (Vernon 1952 and Supp.1985).

The Texas wrongful death statute gives a specified group of survivors a cause of action for losses they sustain as a result of their decedent's wrongful death. Tex.Rev. Civ.Stat.Ann. art. 4675 (Vernon 1952). Some states' statutes give the decedent's estate, rather than certain classes of survivors, a cause of action for loss of future accumulated property occasioned by wrongful death. *See* 1 S. Speiser, Recovery for Wrongful Death 2d §§ 3.1–3.2 (1975). Loss of inheritance under the Texas statute is very similar to "loss of the estate." Under a loss of inheritance claim, however, the claimant must prove not only the probability that the deceased would have accumulated money or assets, but also the probability that the decedent would have left this accumulation by will or inheritance to the statutory beneficiaries. Speiser, Recovery for Wrongful Death 2d § 3.39.

Substantial federal and state authority allows a beneficiary to recover for loss of inheritance caused by a decedent's wrongful death. Such damages are recoverable under the Federal Employer's Liability Act, as well as the Death on High Seas Act. *Martin v. Atlantic Coast Line R. Co.*, 268 F.2d 397, 399 (5th Cir.1959) (Federal Employer's Liability Act); *National Airlines, Inc. v. Stiles*, 268 F.2d 400, 403–404 (5th Cir.1959) *cert. den.* 361 U.S. 885, 80 S.Ct. 157, 4 L.Ed.2d 121, *reh. den.* 361 U.S. 926, 80 S.Ct. 291, 4 L.Ed.2d 241, (Death on High Seas Act).

Many states allow loss of inheritance damages. *Salinas v. Kahn*, 2 Ariz.App. 181, 407 P.2d 120, 133–34 (1965) *op. mod. on other grounds and reh. den.* 2 Ariz. App. 348, 409 P.2d 64; *Griffey v. Pacific Electric R. Co.*, 58 Cal.App. 509, 209 P. 45, 48 (1922); *Denver & Rio Grande R. Co. v. Frederic*, 57 Colo. 90, 140 P. 463, 466 (1914); *Reynolds v. Willis*, 8 Storey 368, 58 Del. 368, 209 A.2d 760, 762 (1965); *Frazier v. Ewell Engineering & Contracting Co.*, 62 So.2d 51, 53 (Fla.1952); *Denton v. Midwest Dairy Products Corp.*, 284 Ill.App. 279, 1 N.E.2d 807, 811 (1936); *Keenan v. Brooklyn City R. Co.*, 145 N.Y. 348, 40 N.E. 15, 15 (1895); *Nordlund v. Lewis & Clark R. Co.*, 141 Or. 83, 15 P.2d 980, 984 (1932); *Burbidge v. Utah Light & Trac-*

*tion Co.,* 57 Utah 566, 196 P. 556, 558–59 (1921); *Tidmarsh v. Chicago, M & St.P. R. Co.,* 149 Wis. 590, 136 N.W. 337, 341 (1912).

The relatively few courts which have denied this type of recovery have done so not by excluding the loss from pecuniary damages but by holding the amount of the loss too speculative. *See Baker v. Slack,* 319 Mich. 703, 30 N.W.2d 403, 407 (1948); *McCleod v. Tri-State Milling Co.,* 71 S.D. 362, 24 N.W.2d 485, 491 (1946). *See generally* J. Stein, Damages and Recovery: Personal Injury and Death Actions § 243 (1972). Though probably nothing is more certain than the uncertainty of human life, presuming that thrifty persons will accumulate an estate and leave it to their heirs at death is no more speculative than finding any of the other recognized elements of pecuniary loss in a wrongful death action, such as lost support, guidance, and training. "Statutes giving damages for injuries resulting in death necessarily deal with probabilities," and necessarily indeterminate damages are properly left to the sound sense of the jury. *San Antonia A.P. Ry. Co. v. Long,* 87 Tex. 148, 27 S.W. 113, 117, 118 (1894).

Recovery for loss of inheritance is proper. Had the injured person survived, his recovery would include lost future earnings which presumably would increase the personal estate and, at death, pass to heirs or beneficiaries. Preventing the heir's recovery would protect the wrongdoer from the consequences of the wrong. *See Long,* 27 S.W. at 116.

We define loss of inheritance damages in Texas as the present value that the deceased, in reasonable probability, would have added to the estate and left at natural death to the statutory wrongful death beneficiaries but for the wrongful act causing the premature death. True, not every wrongful death beneficiary sustains loss of inheritance damages. If the decedent would have earned no more than he and his family would have used for support, or if the decedent would have outlived the wrongful death beneficiary, loss of inheri-

tance damages would properly be denied. This is for the jury to decide.

■ Piper argues that the Yowells should not recover loss of inheritance damages because they failed to plead loss of inheritance. Piper contends that loss of inheritance is a special damage which must be specially pleaded. The Yowells did allege lost future earnings for each of the decedents, and alleged that the figures did not include loss of companionship, guidance, and service. The figures were supported by allegations of the decedents' life expectancy; work expectancy; yearly percentage increase in salary for the five years prior to the crash; salary, bonus, and fringe benefits at the time of the crash; an 11% of salary and bonus pension package; and the salary, bonus, and fringe benefits the people who took over the decedents' jobs received five years after the crash. The Yowells further pleaded their ages and the decedents' ages, and asserted that they brought the suit for the "use and benefit of all persons entitled to recover for the wrongful death" of the decedents. Piper does not argue that loss of support must be specially pleaded or that the words "loss of pecuniary benefit" must be used. Moreover, Piper did not specially except to this aspect of the Yowells' pleadings.

While the better pleading practice uses phrases such as loss of inheritance and loss of support, these phrases were not required in this case. As the court of appeals acknowledged, the Yowells allegations essentially ask for compensation for their fair share of lost earnings. Thus, the pleadings give fair notice that the Yowells seek lost pecuniary benefits. *See Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). Because lost inheritance is a lost pecuniary benefit, we find that the Yowells have pleaded loss of inheritance damages sufficiently to satisfy our liberal rule of pleading. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977).

■ Piper also argued before the court of appeals that no evidence supported loss of inheritance damages. Although the court of appeals did not address this point,

we have jurisdiction to decide it because no evidence is a question of law. *See McKelvy v. Barber,* 381 S.W.2d 59, 65 (Tex.1964). The plaintiffs introduced evidence as to each of the decedents' salaries, expected raises, expected promotions and salary increases, earning capacities, enforced savings through pension plans, spending habits, age, health, and relationship with the wrongful death beneficiaries. The plaintiffs also produced evidence of the age and health of the wrongful death beneficiaries. We hold that adequate pleadings and some evidence support the jury's finding of loss of inheritance damages.

## MENTAL ANGUISH

■ The jury awarded each of the four decedents $500,000 for mental anguish suffered as a result of the plane's mid-air breakup. Piper attacks the jury's award for mental anguish on several grounds. First, Piper argues that the decedent's mental anguish is a matter incident to an estate within the exclusive jurisdiction of the probate court, and therefore, the district court had no jurisdiction over the claim. Without the benefit of our recent pronouncement in *Seay v. Hall,* 677 S.W.2d 19, 25 (Tex.1984), the court of appeals agreed with Piper. This court held in *Seay* that a survival claim is not incident to an estate under Tex.Prob.Code Ann. § 5A(b). At the time of this trial, the district court was the proper forum to try survival actions.[1] Therefore, the court of appeals erred in holding that the district court had no jurisdiction over the claim for the decedent's mental anguish.

Second, Piper argues that the court of appeals correctly held that the trial court abused its discretion in allowing the Yowells to file a trial amendment adding the estates' claims for mental anguish to their claims for funeral expenses. On the last day of trial, after the close of testimony, the Yowells requested a trial amendment to "also bring suit under ... Article 5525 for

the mental anguish suffered by [the decedents] from the time the aircraft broke up until they hit the ground."

When Piper's sole initial defense—that the aileron trim tab actuator rod had separated from the trim tab while the aircraft was in flight, inducing "flutter" in the tab which was transmitted to the wings causing them to explode "like a stick of dynamite"—was seriously impeached during the plaintiffs' rebuttal, Piper sought permission of the trial court to introduce testimony on an entirely new defensive theory. The trial court stated that such testimony was probably improper, but decided to allow it. However, the trial judge explicitly warned Piper that if he allowed evidence of a new defensive theory on rebuttal, he would liberally allow future trial amendments by the other parties and submit issues thereon. The court also suggested that Piper ponder the ramifications of its request.

Piper insisted that it wanted to put on the new evidence, and the trial court allowed it. When the Yowells later requested a trial amendment to add an element of recovery based upon the mental anguish the decedents suffered from the time of the plane's break-up until it hit the ground, the trial judge reminded Piper of his previous warning and gave Piper the opportunity to withdraw its trial amendment and evidence supporting the new defensive theory. When Piper refused, the trial court granted the mental anguish trial amendment.

■ The trial court has broad discretion to allow trial amendments, and his decision will only be overturned upon a showing of abuse of discretion. *Vermillion v. Haynes,* 147 Tex. 359, 215 S.W.2d 605 (1948). The trial court properly allowed the amendment because the mental anguish claim arises out of the same transaction or occurrence. *See Leonard v. Texaco, Inc.,* 422 S.W.2d 160 (Tex.1967).

---

1. We note that the legislature has amended § 5A(b) to add the following sentence. "In actions by or against a personal representative, the statutory probate courts have concurrent jurisdiction with the district courts." Tex.Prob. Code Ann. § 5A(b) (Vernon Supp.1986). The district court is still a proper forum for survival actions under this amendment.

These circumstances do not indicate that the trial court abused its discretion by allowing the amendment. *See* Tex.R.Civ.P. 63, 66.

■ Piper next asserts that the trial court abused its discretion by denying Piper a continuance after granting the Yowell's leave to amend to add the mental anguish element of damage. The Yowells made two amendments on the last day of trial. They added a new theory of fault to rebut Piper's new defensive theory, and then tendered their amendment alleging a claim for the decedent's mental anguish. The trial court granted leave to file the amendments over Piper's objection. Piper orally moved for a mistrial and alternatively for a continuance, stating that the "trial amendments ... injected a completely new theory of liability" for which Piper was surprised and "not prepared to defend."

The trial court has broad discretion to grant or deny motions for continuance. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1963). "The action of the trial court denying the application [for continuance] will not be disturbed unless the record discloses a clear abuse of discretion." *State v. Crank*, 666 S.W.2d 91 (Tex.1984). In deciding whether a trial court abused its discretion, the appellate court does not substitute its judgment for that of the trial court, but only decides whether the trial court's action was arbitrary and unreasonable. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649 (Tex.1970). Before the appellate court reverses the trial court's discretionary ruling, "it should appear clearly from the record that there has been a disregard of the rights of a party." *Schroeder v. Brandon*, 141 Tex. 319, 172 S.W.2d 488 (1943). We must examine the record to decide whether the trial court abused its discretion.

The record does not disclose an abuse of discretion. Piper's motion did not specify whether it referred to the Yowells' amendment on fault or the amendment for the decedent's mental anguish. Furthermore, the motion at least should have alleged refuting or mitigating evidence that Piper might produce during the delay. *See Ellen v. City of Bryan*, 410 S.W.2d 463 (Tex.Civ. App.—Waco 1966, writ ref'd n.r.e.); *Texas Employers Ins. Ass'n v. Sanders*, 265 S.W.2d 219 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.). Without this, the trial court cannot decide whether a delay would further justice, and an appellate court cannot tell whether denying the continuance harmed the movant.

Piper's motion did not clearly inform the trial court of the basis or the need for the relief it sought. The judge had to decide for which amendment Piper sought delay, and, without help from the motion, whether a continuance would benefit the presentation of the case. Both decisions involve considerable judgment, and the record fails to show that either decision arose from arbitrary or unreasonable action. *See* Landry, 458 S.W.2d at 649. We therefore hold that the trial court's ruling denying Piper's motion for continuance was not an abuse of discretion.

## LOSS OF SOCIETY

■ The decedents' wives, children, and parents pleaded and obtained a jury finding of damages for loss of society, companionship, and affection. The court of appeals denied the Yowells any recovery for these damages. In doing so, the court of appeals declined to extend our holding in *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983) to cover adult children. In *Sanchez*, we recognized the right of the parent to recover loss of companionship and society for the death of a minor child. We believe "there is no logical reason to treat an injury to the familial relationship resulting from the wrongful death of any family member enumerated in Tex.Rev.Civ.Stat.Ann. art. 4675 (Vernon 1952) differently than an injury to such relationship resulting from the wrongful death of a [minor] child." *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). In *Cavnar*, we expanded the holding in *Sanchez* to declare that all wrongful death beneficiaries, even parents of deceased adult children, have a cause of action for loss of society. The court of

appeals erred in denying the Yowells' damages for loss of society, companionship, and affection.

## PREJUDGMENT INTEREST

Prejudgment interest is recoverable in wrongful death actions. *Cavnar*, 696 S.W.2d at 555. The plaintiffs' special issues, however, combined past damages with future, unaccrued damages. Prejudgment interest is not recoverable for unaccrued damages such as loss of inheritance. We cannot segregate these future damages from the past damages. *Cavnar*, 696 S.W.2d at 556. Since the plaintiffs prayed for judgment in their favor, we decline to remand the cause, and we render judgment that plaintiffs are not entitled to prejudgment interest on their wrongful death claims.

We reverse the judgment of the court of appeals and affirm that of the trial court, which allowed the Yowells to recover on their causes of action, but without prejudgment interest.

McGEE, J., dissents.

McGEE, Justice, dissenting.

I dissent. In my opinion, the Yowells' pleadings do not plead loss of inheritance damages. These damages are "special damages" which under Tex.R.Civ.P. 56 must be specifically pled. Nowhere in their pleadings do the Yowells ask for "loss of inheritance" damages. The mere pleading for "lost earnings" is inadequate. Special damages of one type are *not* implied from the itemization of other dissimilar special damages. *Weingartens, Inc. v. Price*, 461 S.W.2d 260 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.) The majority's holding that "the Yowells have pled loss of inheritance damages sufficiently" clearly violates Rule 56. I fail to see how Piper had adequate notice of a measure of damages not specifically pled and never before recognized in the State of Texas.

Loss of inheritance damages are too speculative. The majority's newfound damages can only be proven by stacking presumption upon a presumption. The jury is asked to speculate whether decedent would have or could have reasonably been expected to save and accumulate over the amount used for family support. The jury is then asked whether decedent would have passed a portion of the accumulation to his or her survivors. Twice, the jury is asked what the deceased would have done. Yet, the deceased is the only one who knows what he would have done in either instance.

Still, other problems exist. The jury is forced to speculate whether the survivors would outlive the deceased. Recovery for loss of inheritance results in a double recovery when considering recovery for lost contribution and lost earnings from the deceased.

Courts have denied recovery for loss of inheritance damages because they are too speculative. *Consolidated Machines, Inc. v. Protein Products Corp.*, 428 F.Supp. 209 (D.C.Fla.1976); *Marks v. Pan American World Airways, Inc.*, 591 F.Supp. 827 (E.D.La.1984); *Alden v. Maryanov*, 406 F.Supp. 547 (D.C.Md.1976); *Baltimore and P.R. Co. v. Golway*, 6 App.D.C. 143 (1895); *Baker v. Slack*, 319 Mich. 703, 30 N.W.2d 403, 407 (1948); *Hodkinson v. Parker*, 70 S.D. 272, 16 N.W.2d 924 (1944). In denying loss of inheritance damages, the court in *Golway* stated:

> The jury should not be permitted to roam at will the whole field of speculation in the search for remote possibilities of damage that may be taken into account to swell the aggregate of their verdict.

*Id.* at 146. Likewise, the court in *Parker* stated: "[Loss of inheritance damages] present at most a remote possibility, and proof of a mere possibility is never sufficient to establish a fact." *Id.* at 927. I would not adopt recovery for loss of inheritance damages in wrongful death cases.

In my opinion, the trial court abused its discretion by allowing the Yowells to add a

new cause of action (the survival action) at the end of trial after the close of evidence. There is a distinction between making a trial amendment and adding a new cause of action. A trial amendment simply corrects defects in pleadings, usually to conform the pleadings to evidence already admitted at trial. Rule 66, Tex.R.Civ.P., allows the pleadings to be amended freely, provided the amendment does not prejudice the other party in maintaining his or her action or defense upon the merits. However, the Yowells added an entirely new cause of action. No additional evidence was introduced by the Yowells; instead, they relied on the mental anguish evidence already introduced in connection with the Yowells' proof of lost society, companionship, et cetera. It is this set of facts that denied Piper a fair trial on the survival claim resulting in an abuse of discretion by the trial court to proceed with the trial. Piper had no opportunity to object to the evidence when the Yowells introduced it, was denied the opportunity to cross-examine Yowells' witnesses on the subject of mental anguish, and had no opportunity to put on evidence to rebut the mental anguish claim.

Additionally, the trial court abused its discretion in not granting Piper's motion for continuance. Surprise is shown as a matter of law if the amendment asserts a new and independent cause of action or defense. *Hardin v. Hardin*, 597 S.W.2d 347, 352 (Tex.1980) (Campbell, J. concurring). The technical rules for motions for continuance do not apply to this situation. The continuance should have been granted merely upon an oral request for continuance, stating the added cause of action as a reason. Rule 66 was violated in that the amendment prejudiced Piper in maintaining its action on the merits.

I would not recognize recovery for loss of inheritance damages. I would reverse and remand the cause to the trial court for a retrial since liability and damages must be tried together. At the very least, I would sever the survival claim for a retrial.