IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-233-CV





GENNARO MATTIACCIO,



 APPELLANT


vs.





DEBRA LYNN MATTIACCIO,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 125,945-D, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING



 




 In its decree of divorce, the trial court dissolved the marriage of Gennaro and
Debra Lynn Mattiaccio, divided their property, and appointed Debra managing conservator of the
parties' three children. Gennaro appeals, complaining of that part of the decree appointing Debra
managing conservator. We will affirm the decree.



THE CONTROVERSY


 In September 1989, Gennaro filed an original petition for divorce, praying among
other things that Debra be appointed managing conservator of the children. In November 1989,
Debra filed an original answer consisting solely of a general denial and a claim for attorney's fees. 
In April 1990, however, Debra filed in the cause her own petition for divorce. She prayed therein
that she be appointed managing conservator of the children. 

 On January 17, 1991, the parties appeared and announced ready for trial. Gennaro
asked that the court allow him to amend his original petition, his only pleading in the cause,
apparently to delete his prayer that Debra be appointed managing conservator and to substitute his
own claim in that regard. The trial court denied Gennaro leave to amend his pleading, and in the
court's divorce decree appointed Debra managing conservator and Gennaro possessory
conservator of the children.

 On appeal, Gennaro complains in two points of error that (1) the trial court
erroneously declined to allow him to amend his pleading and (2) the trial court erroneously
overruled his motion for new trial. We will discuss in order the two points of error.



MOTION FOR LEAVE TO FILE TRIAL AMENDMENT


 The statement of facts reveals that Gennaro's attorney vocally requested leave to
amend his pleadings after announcing ready for trial but before any evidence was introduced. 
Debra's attorney objected on the ground that "custody is not an issue" insofar as he was aware. 
Gennaro's attorney explained that Gennaro had wanted to contest the child-custody issue since the
middle of December, and the attorney had not theretofore amended his pleading because he
thought he had an agreement with opposing counsel that custody would be contested, or at least
he had believed opposing counsel understood that to be the case. The foregoing was developed
by questions asked by the trial court of the parties' attorneys. The trial court overruled Gennaro's
motion for leave to amend his pleading.

 Gennaro carries on appeal the burden of showing that the trial court abused its
discretion in refusing leave to amend the pleading. See Yowell v. Piper Aircraft Co., 703 S.W.2d
630, 634 (Tex. 1986); see also Hardin v. Hardin, 597 S.W.2d 347, 349 (Tex. 1980) (when a trial
court refuses leave to file an amendment which would introduce new substantive matter, the
burden of showing abuse of discretion rests upon the complaining party). We may not reverse
the trial court's decision under an abuse-of-discretion standard unless the trial court misapplied
the law to the facts. Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 936 (Tex. App. 1987,
no writ).

 Texas Rule of Civil Procedure 66 governs the amendment of pleadings during a
trial. It provides:



[I]f during the trial any defect, fault or omission in a pleading, either of form or
substance, is called to the attention of the court, the court may allow the pleadings
to be amended and shall do so freely when the presentation of the merits of the
action will be subserved thereby and the objecting party fails to satisfy the court
that the allowance of such amendment would prejudice him in maintaining his
action or defense upon the merits.



Tex. R. Civ. P. Ann. 66 (Supp. 1991). Rule 63 also provides that a party may amend his or her
pleadings within seven days of trial upon leave of the court, and that "leave shall be granted by
the judge unless there is a showing that such filing will operate as a surprise to the opposite
party." Tex. R. Civ. P. Ann. 63 (Supp. 1991).

 The supreme court interprets these rules to mean that a trial court's refusal of leave
to amend is an abuse of discretion unless (1) the opposing party presents evidence of surprise or
prejudice, or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial
on its face, and the opposing party objects to the amendment. Greenhalgh v. Service Lloyds Ins.
Co., 787 S.W.2d 938, 939 (Tex. 1990). The record does not contain an explicit showing of
surprise on Debra's part. The parties' pleadings, however, had theretofore been in exact
agreement in praying that Debra be appointed managing conservator of their children. That is a
matter of relief incident to every divorce suit where the parties have children; indeed, it is part
of a separate "suit" within the divorce suit. See Tex. Fam. Code Ann. § 3.55(b) (1975). We
believe, therefore, that Gennaro's proposed amendment asserted the divorce-suit equivalent of "a
new cause of action or defense" so as to be prejudicial on its face, and the trial court could
properly reject the amendment when Debra objected.

 Moreover, Gennaro adduced no evidence at all in support of his motion. He did
not supply the trial court with any evidence of an agreement in writing between the attorneys, and
the subjective belief of Gennaro's attorney would appear to be immaterial. See Tex. R. Civ. P.
Ann. 11 (Supp. 1991). The Supreme Court of Texas has explicitly approved language imposing
a burden to adduce evidence on the party complaining of the denial of leave to file a trial
amendment:


The [complaining party] assumes the burden on appeal to show that the trial court
abused its discretion in not permitting the pleadings to be amended. The mere fact
that the court refused to permit [a party] to amend is not alone sufficient. . . . 
[T]his showing could have been made by a bill of exception, or other appropriate
means, to become a part of the record on appeal. In the absence of showing of the
facts attending the presentation of the [motion] and action of the trial court in
refusing to allow the amendment, this Court will presume that the trial court did
not abuse its discretion.



State v. Gilbreth, 511 S.W.2d 556, 560 (Tex. Civ. App. 1974, writ ref'd) (emphasis added).

 At the time a ruling was required on Gennaro's request for leave to amend his
pleading, the trial court had before it no evidence or other basis that would have justified granting
that request over Debra's objection. (1)
 We hold, therefore, that the trial court did not abuse its
discretion. Gilbreth, 511 S.W.2d at 560. We overrule the first point of error.



MOTION FOR NEW TRIAL


 Although the trial court denied Gennaro leave to amend his pleadings, the court did
allow Gennaro to testify about incidents bearing upon Debra's fitness to be managing conservator
of the children. Over Debra's objection, Gennaro testified that on two occasions the youngest
child (age three) had mounted the railing of a balcony of Debra's third-floor apartment, "and was
teetering her weight on the railing." Gennaro testified he "was concerned about that because it
indicated to me that there was a lack of supervision on the part of Debra," who was present in the
apartment when the incident allegedly occurred. On another occasion, Gennaro testified, Debra
left the children alone all day and the son (age eight) had picked up the three-year-old daughter
and dropped her, injuring her arm, while Debra was away. The baby was taken to the hospital,
and as a result of Gennaro's complaint the matter was turned over to "social services."

 According to Gennaro's testimony, the incidents described above occurred after he
filed in 1989 his original petition for divorce; and they made him "question whether or not they
[sic] would adequately safeguard the children, protect the children." As a result, Gennaro did not
"feel that it's in the children's best interest that [Debra] be appointed as their managing
conservator."

 In her testimony during trial, Debra stated that, to her knowledge, the two episodes
relating to the railing never occurred. Concerning the second incident, she stated that she took the
child to the hospital as a precaution, but there was to her knowledge no permanent injury; she was
away from the home for only an hour and forty-five minutes; and it was an error in judgment to
leave the children alone, but it was not a routine occurrence.

 The statement of facts also indicates that Debra served Gennaro written
interrogatories and that his sworn replies were admitted in evidence. Apparently, they relate in
some manner to child custody but are not included in the appellate record. 

 Based evidently on the foregoing evidence, and perhaps upon Gennaro's admitted
adultery upon which the divorce was granted, the trial court appointed Debra managing
conservator. (2) Gennaro moved for a new trial. At a hearing on the motion, the parties appeared
only through their attorneys and the only evidence adduced was Gennaro's deposition testimony. 
At the conclusion of the hearing, the trial court overruled Gennaro's motion for new trial.

 On appeal, Gennaro complains in his second point of error that the trial court
abused its discretion in refusing to grant a new trial, arguing that this action effectively denied him
an opportunity to litigate "custody" when coupled with the trial court's refusal to allow him to
amend his pleading on the day of trial. No such ground appears in Gennaro's motion for new
trial. We shall, however, consider those alleged grounds that might pertain to Gennaro's
argument.

 First, Gennaro averred in his motion for new trial that he had "obtained newly
discovered evidence which is material to this case." This appears to refer to the following
testimony read into evidence, at the hearing, from a transcript of Gennaro's post-trial deposition:

 1.  After the trial, the parties' oldest child, Tiffany, age ten, "reported to me that
[Debra] had attempted to commit suicide in her presence utilizing [Gennaro's] government-issued
firearm." Gennaro recalled the event "because I approached [Debra] and I had taken the gun from
her, and this was after she had gone in to [see] two CID special agents here at Fort Hood and
acknowledged the fact that she intended to commit suicide."

 2.  If given the opportunity to present evidence, Gennaro would be able to present
testimony of witnesses regarding the foregoing. 

 3.  After the trial on January 17, 1991, Gennaro learned from social-service records
in an army hospital in Germany that Debra had "some problems."

 The trial court first overruled Debra's hearsay objection to the foregoing deposition
evidence, then subsequently declared that the court "will sustain but I'll allow it to be made part
of the record in this case for the purposes of the appeal." We will consider the evidence as being
introduced and before the court for all purposes at the time the court overruled Gennaro's motion
for new trial.

 Gennaro was obliged to satisfy the trial court that (1) the new evidence had come
to his knowledge after the trial; (2) his want of diligence did not prevent his learning of it sooner;
(3) it is not cumulative of other evidence; and (4) it is so material that it would probably produce
a different result if a new trial is granted. Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex.
1983).

 Gennaro claimed in his testimony that he learned of only two items after the trial
on January 17, 1990: (1) that social-service records at an army hospital in Germany indicated
Debra had "some problems"; and (2) that Tiffany had witnessed Debra's alleged suicide attempt.

 Concerning the information contained in the social-service records, we hold this
evidence to be entirely without weight because nothing in the evidence indicates what the
"problems" were or what else the records contained. Concerning the claim that Tiffany witnessed
Debra's suicide attempt, we hold the trial court might reasonably have rejected it on credibility
grounds alone. We should explain.

 The alleged suicide attempt occurred, according to Gennaro's testimony, at Fort
Hood, Texas, as did the alleged incident where Debra declared to two CID special agents that she
intended to commit suicide. Gennaro knew of the alleged suicide attempt because he testified that
he took the firearm from Debra to prevent the suicide. The parties moved to Germany sometime
before September 1989, when Gennaro initiated the present cause by filing a petition for divorce. 
He prayed therein that Debra be appointed managing conservator, notwithstanding his knowledge
of Debra's alleged suicidal tendency. He maintained this position, according to his testimony at
trial, until he first learned in the summer of 1990 of the "railing" incidents and Debra's conduct
in leaving the children alone for a period, during which the son dropped the youngest daughter. 
It was on these grounds that he asked his attorney, in December 1990, to put the matter of child
"custody" in issue, according to his testimony at trial. Yet in Gennaro's post-trial testimony, he
did not attempt to explain why his knowledge of Debra's suicidal tendency did not enter into his
decision, even though on its face it would appear to be a much more serious matter than the later
incidents in Germany regarding the children. We believe, therefore, that the trial court could
reasonably conclude that the purported "new evidence" regarding the fact that Tiffany had seen
the alleged suicide attempt was not "new" at all, in the sense that it was first discovered after trial. 
We hasten to add that Tiffany herself did not testify that she saw the alleged suicide attempt. 
Gennaro testified only that Tiffany told him after the trial that she had seen the event, and our
reference to credibility is directed only at his testimony in that respect.

 We note as well that Gennaro had an obligation to show that his want of diligence
did not prevent his learning earlier that Tiffany had witnessed the alleged suicide attempt. He
did not do so. Nor did he make any showing that the evidence was so material that it would
probably produce a different result if a new trial were granted. See Jackson, 660 S.W.2d at 809.

 Gennaro also averred in his motion for new trial that the court's refusal to interview
Tiffany, on Gennaro's motion, was error because Tex. Fam. Code Ann. § 14.07 (Supp. 1991)
was "mandatory" in that regard. Tiffany was ten years of age at the time of trial. The statute is
not "mandatory" concerning such children; rather, it vests the trial court with "discretion" in the
matter when the child is younger than twelve years of age. Gennaro suggests on appeal no basis
upon which the court's refusal in this instance was an abuse of discretion. Perhaps Gennaro
intends to suggest that the trial court would have learned by an interview of Tiffany that she saw
Debra attempt suicide, but this is speculation based upon the assumed truth of Gennaro's
testimony that the child related the purported fact to Gennaro after trial.

 In his third ground for new trial, Gennaro contended the evidence was insufficient
to support Debra's appointment as managing conservator. No evidence was required in that
regard, for without an amendment of Gennaro's pleadings the matter was undisputed and both
parties prayed for her appointment.

 Debra propounded certain requests for admissions to Gennaro regarding his
relationship with a woman named Sydney Riffle, but his replies to those requests were never filed
with the trial court. See Tex. R. Civ. P. Ann. 169(1) (Supp. 1991) (requiring requests for
admissions and their answers to be filed in the clerk's office). In the fourth ground set out in his
motion for new trial, Gennaro assails the trial court's ruling that deemed the requests admitted. 
He argues that he answered the requests and sent a copy to Debra's attorney, but because of his
attorney's error the answers were never filed with the court. Gennaro says this error harmed him. 
We disagree. Debra testified that Gennaro told her he had committed adultery with Riffle. 
Gennaro never denied this relationship; in fact, he admitted that Riffle stayed with him during a
visit she made to Germany. We believe the answers to the requests for admissions were merely
cumulative of the parties' testimony and therefore caused no harm to Gennaro.

 Every reasonable presumption will be made on review in favor of an order of the
trial court refusing a new trial. Jackson, 660 S.W.2d at 809-10. We hold the trial court did not
abuse its discretion in denying the motion for new trial. Gennaro's second point of error is
overruled.

 Finding no error in the judgment of the trial court, we affirm the judgment in all
respects.



 

 John Powers, Justice

[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: January 22, 1992

[Do Not Publish]

1. [1]  We should add that in the course of the trial that followed, Gennaro did supply testimony
concerning why he changed his mind and decided to contest the issue of "custody," although
he did not explain why he did not amend his pleading after the middle of December. We will
discuss this testimony below in connection with Gennaro's second point of error. It was not
before the trial court when it ruled on Gennaro's request to amend his pleading, and the record
does not indicate that Gennaro ever made a second request to amend his pleadings.

2. [2]  Gennaro requested findings of fact and conclusions of law, but did so outside the twenty-day limit established by Rule 296. See Tex. R. Civ. P. Ann. 296 (Supp. 1991). Debra
objected to this request and the trial court never filed any findings of fact or conclusions of
law.