# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00684-CV

**Barry S. Winkle, Appellant**

**v.**

**James Benton and Leah Benton, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 287707, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Barry S. Winkle appeals from a summary judgment rendered against him in favor of James Benton and Leah Benton for damages relating to a real estate contract. Winkle contends that Travis County was not the proper venue and that the summary judgment was premature because he did not have adequate time to prepare his response. We affirm the judgment.

The summary judgment was based on Winkle's deemed admissions. By failing to respond to the Bentons' requests for admission, Winkle was deemed to have admitted that, while a licensed real estate agent, he induced the Bentons to purchase land by representing that he or his company owned the land and that the Bentons would obtain a fee simple absolute. Winkle admitted that he knew these representations were false when he made them intending to induce the Bentons to enter into the purchase contract. He also admitted that the Bentons would not have entered the contract but for his misrepresentations. Winkle further admitted that he entered into a land

installment contract with the Bentons, that the Bentons paid him at least $54,895.27 under that contract, that he had no interest in the property, and that it would have been impossible for the Bentons to acquire title to that property under the contract. Finally, Winkle admitted that the Bentons were harmed by his "intentional and deliberate scheme" in the amount of their payments.

The Bentons sued Winkle and three other defendants[1] for deceptive trade practices, fraud, and breach of contract. Citation was served on Winkle in state prison on February 9, 2005. By his answer, filed April 12, 2005, he asked for a continuance until his release and for appointment of an attorney. The Bentons' requests for admissions were served on April 13, 2005. After the trial court denied the request for an attorney, Winkle, on May 13, 2005, filed a second request for an attorney and a continuance. He asserted that his incarceration and lack of an attorney left him with no means to answer a "request for much information" because he needed access to documents he could not acquire from prison. He asked for more time to answer the requests. Because he did not respond to the requests for admissions and did not get an extension of time, they were deemed admitted when due May 16, 2005.

On that date, using deemed admissions, the Bentons moved for summary judgment against Winkle on all claims. The trial court granted the motion on July 21, 2005, awarding the Bentons $54,895.27 in actual damages and $18,298.42 in attorneys' fees. By letter dated July 17, 2005, but filed August 5, 2005, Winkle stated that he received the "property file" on "Wednesday"—possibly July 13, 2005. He requested a thirty-day continuance of the July 21, 2005 summary judgment hearing so that he could respond to the Bentons' discovery requests.

---

[1] The claims against Winkle were severed from the claims against the other defendants.

2

On appeal, Winkle contends that Williamson County rather than Travis County was the appropriate venue for this cause.[2] Winkle waived his venue complaint by not filing and serving a motion to transfer venue with or before filing his answer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.063 (West 2002); Tex. R. App. P. 33.1; *cf. General Motors Corp. v. Castaneda*, 980 S.W.2d 777, 783 (Tex. App.—San Antonio 1998, pet. denied) (showing proper preservation of venue complaint). Because of this waiver, we overrule his venue complaint.

Winkle further complains that the trial court erred by granting summary judgment without granting his requests for a continuance to permit him to obtain the records necessary to answer the discovery requests and prepare his response to the motion. We review the trial court's refusal to grant a continuance for an abuse of discretion. *See General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997). An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear the trial court's decision was arbitrary and unreasonable and disregarded the party's rights. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986).

In a summary judgment context, courts generally do not abuse their discretion by denying a motion for continuance if the party has received the twenty-one days' notice required by Texas Rule of Civil Procedure 166a(c). *See McAllister v. Samuels*, 857 S.W.2d 768, 773 (Tex. App.—Houston [14th Dist.] 1993, no writ). A party seeking more time to oppose a summary judgment must file an affidavit describing the evidence sought, explaining its materiality, and

---

[2] Although Winkle occasionally states that the Travis County courts lacked "jurisdiction" over this cause, his point of error and the substance of his arguments together with the statutes on which he relies demonstrate that his complaint concerns venue, not jurisdiction.

showing the due diligence used to obtain it. *See* Tex. R. Civ. P. 166a(g), 251, 252; *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Generally, when a movant fails to comply with the requirement of Rule 251 that the motion for continuance be supported by affidavit, we presume the trial court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Cunningham v. Columbia/St. David's Healthcare System, L.P.*, 185 S.W.3d 7, 15 (Tex. App.—Austin 2005, no pet.).

We find no abuse of discretion. Although not an attorney, Winkle is not exempt from the rules of civil procedure and case law. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). Winkle did not file an affidavit in support of his requests for continuance. The deeming of the admissions and the grant of the summary judgment comported with timetables set out in the rules. *See* Tex. R. Civ. P. 166a(c) (summary judgment); Tex. R. Civ. P. 198.2(a) (admissions).

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton, and Waldrop

Affirmed

Filed:   September 29, 2006

4