

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00089-CV

IN THE INTEREST OF M.S. AND K.A.S., CHILDREN

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 77,228

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On July 30, 2012, the agreed day for trial on the petition requesting the termination of Father's parental rights to M.S. and K.A.S., minor children,[1] Father did not appear for trial, but put his hopes of the day in his newly filed, unsworn motion for continuance and for an extension of the dismissal deadline. After overruling Father's motion, the trial court conducted a bench trial and found that termination of the parent-child relationship between Father and the children was in the children's best interests and that Father engaged in acts or conduct that satisfied several of the statutory grounds for termination under Section 161.001 of the Texas Family Code.[2] *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012).

---

[1]For purposes of confidentiality, we refer to the children as M.S. and K.A.S., the children's father as Father, and the children's mother as Mother.

[2]On August 25, 2011, the Department of Family and Protective Services (the Department) had filed its petition for protection of the children, conservatorship, and termination. About two weeks later, the Department had been appointed temporary managing conservator of the children. Father, a resident of Maine at the time, made his first appearance at a status hearing December 9, 2011, and informed the court that he wanted the children to live with him.

At a permanency hearing, April, 25, 2012, Father appeared and was appointed counsel. At the hearing, the Department's caseworker, LaWonta Austin, testified that an expedited home study was performed in Maine and that the Department had denied placement of the children with Father due to his criminal history, history with the Department, and past domestic violence. The Department's plan was to seek termination of parental rights. The trial court set the next hearing for May 25, 2012, and ordered the parties to have a settlement conference before that date.

The parties were unable to reach a settlement. At the May 25, 2012, hearing, the trial court ordered Father to submit to a substance-abuse assessment and drug testing and to take parenting classes and an anger management course. The trial court explained to Father's court-appointed counsel that Father needed to perform the ordered services in Maine. The trial court inquired about setting the trial August 6, 2012; Father's counsel said he was unavailable that day, but agreed on a trial date of July 30, 2012.

A pretrial hearing was set for July 27, 2012, at which no party presented any motion and the trial court announced that, after having spoken with the attorneys off the record, the final bench trial was scheduled for July 30, 2012.

After trial, the trial court terminated Father's parental rights to both children under Texas Family Code subsections 161.001(1)(D), (E), (H), and (N). As to M.S., Father's parental rights were also terminated based on added findings under subsections (C) and (F). Mother voluntarily relinquished her parental rights to the children and is not involved in this appeal.

On appeal, Father contends only that the trial court abused its discretion in denying his motion for continuance and extension of the deadline. We affirm the trial court's judgment for a number of reasons.

First, the motion for a continuance was unsworn. A motion for continuance shall not be granted except for sufficient cause supported by an affidavit, through consent of the parties, or by operation of law. TEX. R. CIV. P. 251; *see In re E.L.T.*, 93 S.W.3d 372, 374–75 (Tex. App—Houston [14th Dist.] 2002, no pet.). If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion by denying the motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *E.L.T.*, 93 S.W.3d at 375. Here, while the motion for continuance was notarized, it was not verified or supported by an affidavit. Because the motion failed to comply with Rule 251, we presume that the trial court did not abuse its discretion by denying the motion for continuance. *See id.*

Second, the trial date had been agreed to, Father's reasons for needing the continuance existed at the time that trial date was agreed to, and the motion for continuance was urged at or just before the trial date. These factors strongly suggest that the trial court was within its discretion to deny the motion. *See, e.g., In re J.P.*, 365 S.W.3d 833, 836–37 (Tex. App.—Dallas 2012, no pet.); *Nwosoucha v. State*, 325 S.W.3d 816, 827–28 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

3

Third, the thrust of Father's reasoning for the continuance was irrelevant to the grounds ultimately used for termination of his parental rights.[3] In the motion and during his counsel's arguments before the trial court, Father argued that: (1) he could not complete the court-ordered services between the May 25 hearing when the services were ordered and the July 30 trial date; (2) he and his wife had left numerous telephone messages with the caseworker asking questions about the Department's service plan, but the messages had not been returned; (3) he did not receive the Department's service plan until after June 8, 2012, when the Department emailed it to Father's counsel; (4) the Department's service plan called for a review of the case in September 2012, despite the final trial being set for July 30, 2012; (5) he had been laid off from work until recently and could not afford to travel to trial, but had maintained contact with his attorney, including a telephone conversation the day before trial; (6) he had been taking a parenting class and did not have drug issues; and (7) the home study had neither approved nor denied him placement. It should be remembered that Father's failure to perform court-ordered services was not one of the grounds on which the trial court terminated his parental rights. *See* TEX. FAM. CODE ANN. § 161.001(1)(O).

---

[3]Father argues that the Department should "abandon his not performing services as ground for termination" because he was ready, willing, and able to perform all ordered services and two months was an unreasonable and inadequate time period in which to do so. He contends that the service plan "gave him until at least September of 2012, before he was to be reviewed with regard to his progress in completing the services" and that the Department gave him no direction or assistance in performing the services. Father noted that the suit had been on file for "at least a year before he was requested to complete the services and that the Court's failure to grant the [m]otion for [c]ontinuance and [e]xtension denied him his Due Process rights." In essence, Father's appeal contends that, by denying his motion for continuance, the trial court effectively prevented him from performing the services detailed in the Department's service plan.

4

Fourth, no evidence was offered in support of Father's motion for continuance. As Father's motion contained no verification in support of the factual assertions set out therein, the trial court asked Father's counsel whether he was presenting evidence. Father's counsel stated:

> These are things, I believe, that you can take judicial notice of, that the service plan that's on file says that it will be reviewed in September of 2012, and this is, of course, July 30th, 2012.
>
> So when it appeared that my client should have placement and then suddenly the department requests, well, let's order services and set this for a quick trial and terminate, I mean, we have gone 180 degrees. I don't think a single bit of it has been in response to any behavior, any actions on behalf of my client.
>
> The Court's file will also reflect from the various different orders that my client has appeared from Maine in person on several occasions. I believe there was one occasion where he appeared via telephone.
>
> And, Your Honor, this -- any of these matters before you, including this one, are of such importance that a parent should not be disadvantaged. If a parent falls short and the Court makes that kind of finding, that's a different situation. But to disadvantage a parent and then to seek terminating the parent/child relationship, that is drastic. And in my opinion it's not necessary in this case, Your Honor. That's something that could be addressed. And my client would have an opportunity to do what services he needs to do and to be able to show the appropriateness and the best interest of the children in placing the children with him. And he certainly desires the opportunity to do just that.

We review the denial of a motion for continuance for an abuse of discretion. *In re D.W.*, 353 S.W.3d 188, 192 (Tex. App.—Texarkana 2011, pet. denied). Unless the record discloses a clear abuse of that discretion, the trial court's action in granting or refusing a motion for continuance will not be disturbed. *Id.* In deciding whether a trial court has abused its discretion, we do not substitute our judgment for the trial court's judgment, but decide only whether the trial court's action was arbitrary and unreasonable. *Id.* (citing *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986)). We will not reverse the ruling unless the record clearly shows a disregard of a party's rights. *Id.*

5

Here, Father's counsel agreed to the July 30 trial date. If the time between the May 25 hearing and the trial date was insufficient to prepare for trial on the salient grounds sought for termination, Father failed to communicate this to the court in a timely fashion, either in June when he received the service plan, during July with the trial date looming, or during the pretrial conference July 27. Rather, the motion for continuance was not presented until the day of trial, and Father failed to support this late motion with any reason that should not have been apparent to him weeks earlier. Therefore, the trial court was within its discretion to deny the motion.

Also, Father's appeal fails to challenge any of the statutory grounds on which the trial court based its order of termination or to assert how trial on those issues might have ended differently had he been granted additional time.

For the reasons stated, we affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:      February 25, 2013
Date Decided:        February 28, 2013

6