## DAVID ROBERTS v. THE CITY OF DETROIT.

*Municipal corporations—Defective highways—Right of action— Husband and wife.*

1. Municipal corporations, in Michigan, are liable for injuries resulting from their neglect to repair public highways only where made so by statute; citing *City of Detroit v. Blackeby*, 21 Mich. 84; *McCutcheon v. Village of Homer*, 43 Id. 483.

2. The right of action given by 3 How. Stat. § 1446c, for injuries sustained from defective highways, etc., is confined to cases of bodily injury, and the statute in terms limits the recovery of damages to the person so injured or disabled; but, in case of his death, the right of action survives, under 3 How. Stat. §

7397, to his administrator; citing *Racho v. City of Detroit*, 90 Mich. 92.

3. The words "other property," as used in 3 How. Stat. § 1446*d*, which provides that if any horse or other animal, or any cart, carriage, or vehicle or *other property*, shall receive injury or damage from defective highways, etc., the municipal corporation in fault shall pay the owner just damages, etc., being preceded by several words descriptive of particular kinds of property, are limited to things of a like kind.

4. Loss to a husband of the services of his wife, and money expended for surgical attendance and nursing, while she is suffering from injuries received by falling upon a defective sidewalk, do not constitute an injury to "other property," within the meaning of 3 How. Stat. § 1446*d*, and the husband has no right of action under said statute for the same.

5. 3 How. Stat. § 1446*e*, which makes it the duty of municipal corporations to keep in reasonable repair, so that they will be reasonably safe and convenient for public travel, all public highways, etc., that are within their jurisdiction and under their care and control and which are open to public travel, does not give a right of action to everybody because it imposes a public duty, but must be construed with 3 How. Stat. §§ 1446*c*, 1446*d*, which give certain rights of recovery for neglect to perform the duty thus imposed.

Error to Wayne. (Carpenter, J.) Argued June 26, 1894. Decided September 25, 1894.

Negligence case. Defendant brings error. Reversed, and no new trial granted. The facts are stated in the opinion.

*John J. Speed,* for appellant.

*Thomas Hislop,* for plaintiff.

HOOKER, J. Plaintiff recovered a judgment against the city of Detroit, based upon the loss of the services of his wife, who was injured by falling upon a defective sidewalk. Money paid for surgical attendance and nursing constituted a part of the damages recovered. The only

question presented for our consideration is whether he had a right of action.

Municipal corporations, in Michigan, are liable for injuries resulting from their neglect to repair public highways only where made so by statute. That there is no common-law liability was decided in the case of *City of Detroit v. Blackeby*, 21 Mich. 84, which was a crosswalk case. It was followed by *McCutcheon v. Village of Homer*, 43 Mich. 483. The earlier case contains an exhaustive discussion of the subject, holding that the duty of cities to repair highways is a public one, and that a private action does not lie for negligence in such cases. Subsequently a statutory liability was created, and it is under this statute that the plaintiff must recover, if at all.

The statute consists of several sections, viz., 3 How. Stat. §§ 1446c–1446h, inclusive. Section 1 (1446c) provides:

"That any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks, and culverts on the same, in reasonable repair, and in condition reasonably safe and fit for travel, by the township, village, city, or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk, or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city, or corporation shall be liable to and shall pay to the person or persons so injured or disabled just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

So far as this section is concerned, it limits the liability *to cases of bodily injury.*

The second section covers property interests. It is as follows:

"If any horse or other animal, or any cart, carriage, or

vehicle or other property, shall receive any injury or damage by reason of neglect by any township, village, city, or corporation to keep in repair any public highway, street, bridge, sidewalk, crosswalk, or culvert, the township, village, city, or corporation whose duty it is to keep such public highway, street, bridge, sidewalk, crosswalk, or culvert in repair shall be liable to and shall pay the owner thereof just damages, which may be recovered in an action of trespass on the case before any court of common [competent] jurisdiction."

The plaintiff's case does not fall within the first section (1) because he has no right to recover for the bodily injury—*i. e.*, pain and suffering, etc.—of another; (2) because the statute in terms limits the recovery to the person so injured or disabled. Under another statute the right of action has been held to extend to administrators of persons injured. *Racho v. City of Detroit*, 90 Mich. 92.

If plaintiff's case is covered by the second section, it must be because he is injured in his property. It is asserted that he is so injured, inasmuch as he has lost the services of his wife, and has been obliged to expend money for her recovery. We think that this position is not tenable. Services (which may or may not be rendered) can hardly be called present property, as was held in *Reed v. Belfast*, 20 Me. 246, where a father was denied relief upon a claim of loss of services of a minor son who had been injured upon a defective highway. Moreover, while this statute uses the word "property," it is preceded by several words descriptive of particular kinds of property, and the provision is thereby limited to things of a like kind. In the language of Chief Justice Shaw:

"Therefore, though the word 'property' is used, it follows words designating goods and chattels, and could not extend to mere rights." *Harwood v. City of Lowell*, 4 Cush. 310; *Chidsey v. Town of Canton*, 17 Conn. 475.

Counsel cites the following cases supporting this rule of

construction: *American Transportation Co. v. Moore,* 5 Mich. 368, 386; *McDade v. People,* 29 Id. 50; *Board of Education v. City of Detroit,* 30 Id. 505; *Brooks v. Cook,* 44 Id. 617; *Wood v. Railroad Co.,* 81 Id. 358, 362.

Our attention is called to the case of *Hunt v. Town of Winfield,* 36 Wis. 154, as an authority sustaining the plaintiff's position; but the Wisconsin statute is broader than that of Michigan, providing that if any *damage shall happen* to any person, his team, etc., such person may recover. It may therefore be distinguished from the statute of this State.

Counsel for the plaintiff makes the further point that section 1446e makes it the duty of cities to keep their streets in reasonable repair, so that they may be reasonably safe and fit for travel, etc., and argues that, the duty being imposed, the liability must follow; citing the case of *Borough of Nanticoke v. Warne,* 106 Penn. St. 373, in support of the proposition. The court in that case say:

"Whatever the law may be in other states, in Pennsylvania, townships and boroughs are bound to keep the roads and streets in repair, and are liable for injuries resulting solely from negligence in performing that duty. The liability is the consequence of the neglect of a statutory duty, and the right of a person does not depend on the construction of a statute providing who may recover, and for what, in case of injury from defect in the highway."

That case seems to recognize the fact that some states hold otherwise, and, as already seen, that is true of Michigan. See *City of Detroit v. Blackeby, supra,* which asserts the doctrine that the imposition of a public duty upon a municipal corporation does not create a private right of action for injuries sustained by an individual by reason of its non-performance.

Again, the statute under discussion gives certain rights of recovery, but only against corporations whose duty it is

to keep streets in repair. This appears from both sections 1446c and 1446d. The succeeding section prescribes the duty. As these sections must be construed together, and in the light of the previous decisions of the Court, it cannot be held that the effect of this statute was to give a right of action to everybody because it imposed a public duty. If such was the legislative intent, the first two sections were superfluous.

The judgment of the circuit court must be reversed. No new trial will be granted.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.