BAKER *v.* SLACK.

1. DEATH—BURDEN OF PROOF—EVIDENCE—PAIN AND SUFFERING.
   In an action under the death act plaintiff has the burden of proving every material element of his case ·at issue under the pleadings by a preponderance of the evidence, including the element of conscious pain and suffering (3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

2. SAME—DAMAGES—PAIN AND SUFFERING.
   Under the death act, as amended, recovery of damages is permitted for pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the inflicting of such injuries and his death (3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

3. SAME—DAMAGES—CONSCIOUS PAIN AND SUFFERING—BURDEN OF PROOF—EVIDENCE.
   Where decedent lived some 20 to 30 minutes after·being struck by defendant's car but there is no testimony that she was conscious during the interim between injury and death, there was a failure on the part of ·plaintiff to sustain his burden of proof under death act as to conscious pain and suffering (3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

4. SAME—DAMAGES—PECUNIARY INJURY—PAIN AND SUFFERING—MEDICAL, HOSPITAL AND FUNERAL EXPENSES.
   Under the death act, as now amended, recovery of damages may be had even when the injured party survives his injuries for a time, only for pecuniary injury, as formerly compensable under the death act, plus compensation for conscious pain and suffering, when it exists, and for reasonable medical, hospital, funeral and burial expenses .(3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

Measure of damages for causing death of another depends upon interpretation of statute creating right of action, see 4 Restatement, Torts, § 925.

5. SAME—DAMAGES—PECUNIARY INJURY—SURVIVING SPOUSE—NEXT OF KIN.

  Under the death act, as now amended, damages for pecuniary injury would be limited to probable future earnings less cost of maintenance, and those could be recovered only if decedent left a surviving spouse or next of kin to whom decedent was legally obligated to contribute support (3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

6. SAME—DAMAGES—PECUNIARY INJURY—PERSONAL REPRESENTATIVE.

  The limited recovery of pecuniary damage permissible under the death act, as now amended, is not extended by the fact that the plaintiff in such an action must be the personal representative of the estate of the deceased person (3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

7. SAME—AMENDMENT—SURVIVAL ACT—CONSTRUCTION OF STATUTES.

  In amending the death act, the legislature attempted to effectuate a change in the field of damages in those cases in which decedent survived his injuries, not only as to the distribution but, particularly, as to what shall constitute elements thereof, in view of the repeal of the survival act insofar as its provisions were inconsistent with the amendatory act and limiting recovery for injuries resulting in death to an action under the death act (3 Comp. Laws 1929, § 14040 *et seq.*; § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

8. SAME—DAMAGES—SURVIVING SPOUSE—NEXT OF KIN.

  Under the death act, before or after amendment, recovery for pecuniary damage is limited, aside from loss of services of a spouse less cost of maintenance, to next of kin to whom deceased owed an obligation for support and then only to the extent of the obligation to make such support and maintenance of any of them (3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

9. SAME—WIDOW—PAIN AND SUFFERING—PECUNIARY INJURY—FUNERAL AND BURIAL EXPENSE.

  Where decedent is not shown to have had conscious pain and suffering and was a widow upon whom no one was dependent for support, the only element of damage recoverable under the death act as now amended was the expense of decedent's funeral and burial (3 Comp. Laws 1929, § 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

10. COSTS—TENDER—DAMAGES—APPEAL AND ERROR.

  In action under the death act, as amended, where record does not disclose a tender by defendant of conceded damages, costs

of trial court are awarded plaintiff, but where case is reversed
on appeal, as to all other elements of damages recoverable,
defendant is awarded costs of appeal (3 Comp. Laws 1929,
§ 14061 *et seq.*, as amended by Act No. 297, Pub. Acts 1939).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 4, 1947. (Docket No. 24, Calendar No. 43, 741.) Decided January 5, 1948.

Case by George A. Baker, administrator of the estate of Julia May Baker, deceased, against Edward Everett Slack for damages resulting from death of plaintiff's decedent. Judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment in conceded amount.

*Schaberg & Schaberg,* for plaintiff.

*Paulson & Laing (Steg J. Lignell,* of counsel), for defendant.

DETHMERS, J. Plaintiff filed a declaration claiming judgment against defendant under the provisions of Act No. 38, Pub. Acts 1848 * (the so-called "death act"), as amended by Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14061 *et seq.*, Stat. Ann. 1946 Cum. Supp. § 27.711 *et seq.*) Defendant filed an answer raising issue as to the amount of damages only, in pursuance of Court Rule No. 23, § 8 (1945), and admitting liability for $190 for funeral and burial expenses, but denying that the decedent endured any pain and suffering or that anyone suffered pecuniary injury as the result of her death.

The proofs establish that defendant's automobile, while driven by him, struck plaintiff's decedent, inflicting injuries resulting in her death; that defendant "hit something and heard someone or something holler at the same time;" that decedent lived from 20 to 30 minutes after being struck; that she was at

* 3 Comp. Laws 1929, § 14061 *et seq.*—REPORTER.

that time a widow, 63 years of age and in good health, with three married children, none of them dependent upon her for support and maintenance; that she then was and for some 10 years prior thereto had been residing with her son, plaintiff George A. Baker, and helped with chores and housework at his home; that this son furnished her board and room and gave her money from time to time as her needs required, but paid her no certain wages; that as a dependent of another son she had received two allotment checks from such son while he was in the army and within two or three months prior to her death; that the value, in the community in which they resided, of such services as she had been rendering in her son George's household was $15 per week or more. No witness testified that decedent was conscious after being struck by defendant's automobile. No testimony was introduced to establish that anyone was or had been dependent upon decedent for support or maintenance or that there was anyone to whom she was morally or legally obligated to contribute. Neither was there any testimony as to the cost of decedent's maintenance.

At the conclusion of plaintiff's proofs defendant moved the court to direct a verdict for plaintiff for $190, the amount of decedent's funeral and burial expenses, on the following grounds:

"1. That is the only amount of damage proved in this case at this time.

"2. There is no evidence in this case that decedent was under either a moral or a legal duty to contribute to any of her children.

"3. There is no evidence in this case of conscious pain or suffering.

"4. There is no evidence in this case which would enable the jury to determine the cost of maintenance of the deceased by the plaintiff or any of the other children.

"5.   It clearly appears, in the evidence most fa-
vorable to the plaintiff, that the deceased was de-
pendent upon him at the time of her death."

The court reserved decision on the motion under
the Empson act * and permitted the case to go to the
jury on the question of conscious pain and suffering
and of decedent's probable future earnings had she
not been injured and killed, refusing defendant's re-
quest to charge that there was "no competent proof
of damages in this case other than the expenses in
the amount of $190." The jury returned a verdict
for $1,690. Defendant's motions for judgment *non
obstante veredicto* and for a new trial, embodying
substantially the same theories contained in his
motion for directed verdict, were denied and judg-
ment entered for plaintiff. Defendant appeals.

The burden rested on plaintiff to prove every
material element of his case at issue under the plead-
ings by a preponderance of the evidence, including
the element of conscious pain and suffering. The
statute under which this action is brought expressly
permits damages for "pain and suffering, while *con-
scious,* undergone by such deceased person *during
the period intervening between the time of the in-
flicting of such injuries and his death.*" There is no
testimony that decedent was conscious after being
struck. Plaintiff contends that defendant's admis-
sion that he "hit something and heard someone or
something holler *at the same time*" is indicative of
conscious suffering by decedent after she was struck;
but the outcry occurred at the instant of the collision,
not during the period, mentioned in the statute, in-
tervening between the time of the inflicting of such
injuries and her death. Witnesses produced at the
trial saw decedent within a few minutes after her

---

* See 3 Comp. Laws 1929, § 14531 *et seq.,* as amended by Act
No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531 *et seq.,*
Stat. Ann. 1946 Cum. Supp. § 27.1461 *et seq.*).—REPORTER.

injury and none testified that she was conscious then or at any time thereafter. There is nothing in the record from which it may be inferred that she was conscious at any time during the interim after being struck and before witnesses saw her. Plaintiff has not sustained the burden of proof in this respect. See *Sweetland* v. *Railway Co.,* 117 Mich. 329 (43 L. R. A. 568), and authorities therein reviewed.

The next question presented is whether recovery may be had under Act No. 38, Pub. Acts 1848, as amended by Act No. 297, Pub. Acts 1939, for loss of probable future earnings, without diminution for cost of maintenance, when the widowed decedent had an established earning capacity but no surviving spouse or next of kin to whom she was under a legal or moral obligation to contribute support.

It is plaintiff's theory that this question should be answered in the affirmative and that like recovery may be had after the effective date of the 1939 act as theretofore under the survival act (3 Comp. Laws 1929, § 14040 [Stat. Ann. § 27.684]). In support thereof plaintiff quotes from *In re Olney's Estate,* 309 Mich. 65, 80, the following:

"Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14061 *et seq.,* Stat. Ann. 1943 Cum. Supp. § 27.711 *et seq.*), does not repeal, but instead only amends, our so-called death act. 3 Comp. Laws 1929, § 14061 *et seq.* (Stat. Ann. § 27.711 *et seq.*). Nor does the 1939 act repeal our so-called survival statute (3 Comp. Laws 1929, § 14040 *et seq.* [Stat. Ann. § 27.684 *et seq.*]), except in so far as section 14040 is 'inconsistent' with the 1939 act. And we do not find section 14040 at all inconsistent with any provision in the 1939 act, except that section 1 of the latter act provides: 'All actions for such death, or injuries resulting in death, shall hereafter be brought only under this act.' Section 14040 is still part of our statutory law."

Plaintiff's brief and the opinion of the trial court also urge *Grimes* v. *King*, 311 Mich. 399, as authority for the proposition that under the 1939 act, as under the old survival act, recovery may be had for loss of probable future earnings without diminution for maintenance costs and without a showing that those seeking recovery sustained a pecuniary loss. This they appear to have concluded from language appearing in the majority opinion in the *Grimes Case* which reads as follows:

"The administrator's right to recover is not limited to the pecuniary loss suffered by the husband for the value of his wife's services. The deceased had an established earning capacity as a music teacher and had she lived throughout her expectancy could have added to the worth of her estate in which her heirs at law would participate. Under the statutory provisions, *supra,* they would also participate in the distribution of the damages assessed and collected."

Closer scrutiny of the *Olney Case* and the *Grimes Case* is essential to proper understanding of the holdings of this Court therein.

In the *Olney Case* the tortfeasor predeceased plaintiff's decedent. The above quoted language from the majority opinion was in express answer to the position taken in the dissenting opinion to the effect that the 1939 act had completely repealed the survival act so that decedent's right of action existing against the tortfeasor during the lifetime of them both did not survive the injured party's death with the result that the new cause of action which would have arisen at her death under the 1939 act must be, as provided in the act, against "the *person* who * * * would have been liable, if death had not resulted," and such person being already dead and no action being maintainable against a corpse,

there was no "person" who could be sued. In opposition to such position, the majority of this Court held that there is survival under the survival act regardless of whether the death be that of the injured party or of the tortfeasor or of both; that this is in no wise inconsistent with the 1939 act and that, therefore, in that respect at least, the survival act continues in force. But the majority opinion recognizes that the elements of damages recoverable under the old survival act are in certain respects inconsistent with the provisions of the 1939 act and that the survival act is, therefore, to that extent, by reason of the repealing provision of section 3 of the 1939 act, no longer in force. This is manifest in that plaintiff's decedent in the *Olney Case* lived six days after she was injured and yet the majority of this Court said:

"Our conclusion being that the administrator's cause of action survives, consideration must be given to appellant's claim that damages adjudged in the amount of $5,000 were excessive. In this connection the question arises as to what elements of damages may be recovered under the 1939 act. This act specifically divides the damages recoverable into three classes. These classes are damages (1) 'with reference to the pecuniary injury resulting;' * * * (2) 'for the reasonable medical, hospital, funeral and burial expenses;' * * * (3) 'for the pain and suffering.'

"1. *The surviving husband had no legally enforceable claim to support or maintenance by deceased, nor does this record disclose such claim as to any other person.* But the surviving husband lost the services of Mrs. Bennett, and the value thereof *less reasonable cost of her maintenance* may be recovered in this action. *Gorton v. Harmon,* 152 Mich. 473 (15 Ann. Cas. 461). It should be noted that recovery in the cited case was under the provision of

the death act that there could be recovery 'for pecuniary loss,' and that the same provision is embodied in the 1939 act. This element of damages is recoverable in the instant case.''

It is difficult to imagine how this Court could have stated more explicitly that after the effective date of the 1939 act recovery may be had, even when the injured party survives his injuries for a time, only for pecuniary injury, as formerly compensable under the death act, plus compensation for conscious pain and suffering, when it exists, and for reasonable medical, hospital, funeral and burial expenses, all as expressly provided in the 1939 act.

In the *Grimes Case* death was instantaneous. To give the language above quoted from that case the meaning contended for by plaintiff and accorded it by the trial court would be to hold that in cases of instantaneous death the elements of damages were extended by the 1939 act, beyond what was recoverable under the previous death act, so as to include, now, probable future earnings, without diminution for cost of maintenance, regardless of whether decedent left a surviving spouse or next of kin to whom decedent was legally obligated to contribute support. That was not the intent of the 1939 act.

It is to be observed that *Crook* v. *Eckhardt*, 281 Mich. 703, is relied upon as authority for the holding in the *Grimes Case*. But, in this connection, *Crook* v. *Eckhardt* is authority only for the proposition that under the old death act a husband may recover for the loss of his wife's services, the value thereof, after deduction for cost of her maintenance, representing an actual pecuniary loss, as is also recognized, under the 1939 act, in the *Olney Case*. Properly construed, therefore, the holding in the *Grimes Case*, planted on the decision in the *Crook Case,* is simply that under the 1939 act, as under the pre-

existing death act, this Court, in the absence of error in other respects, affirms a judgment which can be supported by the record as constituting recovery by the husband for pecuniary injury resulting from the loss of his wife's services. This conclusion is not obviated, as suggested by plaintiff, by the fact that action was brought in the *Grimes Case* by the husband in his capacity as administrator of his wife's estate, inasmuch as both the 1939 act and the old death act provide that action for the pecuniary loss suffered by the surviving spouse and next of kin or heirs at law shall be brought by and in the name of the deceased's personal representatives.

The paragraph above quoted from the *Grimes Case* is not necessary to the holding therein. Nevertheless, in the interests of a clarification of that case and of this Court's views, the paragraph should be read as though there were inserted after the first sentence thereof the following:

"The administrator's right to recover extends also to the pecuniary injury to decedent's surviving spouse and next of kin, which shall be found to exist only, as under the old death act, when and to the extent that it is established that the decedent owed a legal duty to contribute to the support of such persons or any of them."

That this reflects the real meaning of the *Grimes Case* further appears from the fact that, in the paragraph preceding the one above quoted, Mr. Justice BUSHNELL, in speaking for the majority of the Court, said:

"Here, the death was instantaneous, and as was said in the *Olney Case,* the surviving husband can recover for loss of services *'less reasonable cost of her maintenance.'* See *Gorton* v. *Harmon,* 152 Mich. 473 (15 Ann. Cas. 461). It should be noted that re-

covery in the cited case was under the provision of the death act that there can be recovery '*for pecuniary loss,*' *and the same provision is embodied in the 1939 act.*"

In the respect that any of the language which is necessary to the decision in the majority opinion of the *Grimes Case* may be read to mean anything other than as that case is here construed, it should be deemed to be overruled.

The effect of the 1939 act on the old survival act becomes abundantly clear upon a reading of its provisions. Legislative language could hardly be made more explicit on the subject. Four times the legislative intent on this matter is expressed in the 1939 act:

(1)   the title proclaims that for wrongful death or *injuries resulting in death* the statute is enacted "to prescribe the measure of damages recoverable * * *   and to repeal inconsistent acts;"

(2)   section 1 reads in part: "all actions for such death, *or injuries resulting in death,* shall hereafter be brought *only* under this act;"

(3)   section 2 limits damages to (a) what the court or jury shall deem fair and just with reference to *pecuniary injuries* to the surviving spouse or next of kin, (b) reasonable medical, hospital, funeral and burial expenses, (c) reasonable compensation for conscious pain and suffering;

(4)   section 3 expressly repeals the survival act insofar as its provisions are inconsistent with this act.

The conclusion is inescapable that it was precisely in the field of damages, in those cases in which decedent survived his injuries, that the legislature attempted to effectuate a change, not only as to the distribution but, particularly, as to what shall constitute the elements thereof.

The remaining question is, what is meant in the 1939 act by "pecuniary injury" to decedent's surviving spouse or next of kin. Does this include things so speculative and nebulous as the fondly nurtured hope of an inheritance, enhanced by redress for decedent's wrongful death, but suspended by the tenuous cord of decedent's possible intestacy? Assuredly not. In the *Olney Case* we recognized that, beyond compensation to a husband for loss of his wife's services, the right to recover for pecuniary loss must be predicated upon the existence of some next of kin having a legally enforceable claim to support or maintenance by deceased.

In both the *Olney Case* and the *Grimes Case* we pointed out that the provision in the 1939 act for compensation for "pecuniary injury" is identical with that in the old death act. (There is, of course, a change as to method of and persons to whom distribution is made under the 1939 act.) Under the old death act, in construing the term "pecuniary injury" recoverable under the act, we have uniformly held that, in addition to the husband's right to recovery for loss of his wife's services (or parent's right to recovery for loss of minor child's services) after deduction of her maintenance costs, further recovery could be had only for those persons who would have been entitled to inherit deceased's personal property had he died intestate (under the 1939 act this is changed to surviving spouse and next of kin), and for them only to the extent that deceased was legally obligated to contribute to the support and maintenance of any of them. As recently as in *Bricker* v. *Green,* 313 Mich. 218 (163 A. L. R. 697), Mr. Justice BUSHNELL, in speaking for the unanimous Court, quoted with approval from *Rouse* v. *Detroit Electric Railway,* 128 Mich. 149, and said:

"The death act, after its amendment by Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14061

*et seq.,* Stat. Ann. 1945 Cum. Supp. § 27.711 *et seq.*),
is as stated by counsel for plaintiff, 'at least as broad
in protecting such minor beneficiaries as the original
death act.' See *In re Olney's Estate,* 309 Mich. 65,
and *Grimes* v. *King,* 311 Mich. 399. Under the act,
long prior to its present amendment, this Court said
in *Rouse* v. *Detroit Electric Railway,* 128 Mich. 149,
155:

" 'The law requires in this class of cases that the
administrator must show that some person has suf-
fered some *pecuniary injury* by the death. The
statute does not imply that damages and pecuniary
loss necessarily flow from the negligent killing.
* * * *These damages must be limited to the pe-
cuniary damage sustained by those legally entitled
to support. Van Brunt* v. *Railroad Co.,* 78 Mich.
530.'

"See, also, *Ormsbee* v. *Railway Co.,* 197 Mich.
576."

In the instant case, plaintiff failed to establish
conscious pain and suffering by decedent, and inas-
much as the widowed decedent's next of kin, in the
language of the *Olney Case,* "had no legally enforce-
able claim to support or maintenance by decedent"
and, consequently, suffered no pecuniary loss, the
only element of damages which was recoverable was
the expense of decedent's funeral and burial, for
which plaintiff claimed and defendant conceded that
plaintiff was entitled to have judgment for $190.

Judgment is reversed and the cause remanded for
entry of judgment in the amount of $190. The rec-
ord disclosing no tender by defendant in that
amount, plaintiff may recover his costs in the court
below. Defendant is awarded the costs of his ap-
peal.

SHARPE, BOYLES, REID, NORTH, and CARR, JJ., con-
curred with DETHMERS, J. BUSHNELL, C. J., and
BUTZEL, J., concurred in the result.