# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY DENNEY, Personal Representative
of the ESTATE OF MATTHEW MICHAEL
DENNEY,

        Plaintiff-Appellant,

v

KENT COUNTY ROAD COMMISSION,

        Defendant-Appellee.

FOR PUBLICATION
November 15, 2016
9:05 a.m.

No. 328135
Kent Circuit Court
LC No. 14-009556-NI

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the trial court's April 29, 2015 order granting defendant's motion for partial summary disposition under MCR 2.116(C)(7). We reverse and remand to the trial court for further proceedings consistent with this opinion.

Plaintiff alleged that on the morning of May 18, 2014, Matthew Denney (the "decedent"), was riding a motorcycle on Peach Ridge Road NW in Kent County. As he crested a hill, his motorcycle struck two potholes in the road, causing him to lose control of the motorcycle and fall onto the pavement. He sustained fatal injuries. For purposes of this appeal only, defendant does not contest these allegations. There is also no dispute that defendant is a governmental agency with jurisdiction and control over the portion of the road on which the incident occurred, and is thus required to maintain that road in reasonable repair so that it is reasonably safe and convenient for public travel. See MCL 691.1401; MCL 691.1402. Plaintiff, as representative of the decedent's estate, sued defendant under the wrongful-death statute, MCL 600.2922[1]. Defendant moved the trial court for partial summary disposition, alleging that it was immune from suit for damages beyond bodily injuries suffered by the decedent, including any loss of financial support, (such as the decedent's lost earnings) under the governmental tort liability act (GTLA), MCL 691.1401 et seq. Plaintiff argued that damages for lost wages/loss of earning capacity fell within the highway exception of the GTLA as provided in MCL 691.1402(1), but

---

[1] We note that the wrongful-death statute is also often referred to as the "wrongful-death act."

-1-

the trial court disagreed and granted defendant's motion. We granted leave to appeal that decision.[2]

"We review de novo a trial court's grant or denial of summary disposition under MCR 2.116(C)(7)." *Tarlea v Crabtree*, 263 Mich App 80, 87; 687 NW2d 333 (2004). This Court also reviews issues of statutory interpretation de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009). The primary goal of statutory construction is to determine the intent of the Legislature by reasonably considering the purpose and goal of the statute. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). To determine the Legislature's intent, this Court first looks at the specific language of the statute. *Gauntlett v Auto-Owners Ins Co*, 242 Mich App 172, 177; 617 NW2d 735 (2000).

"[T]he wrongful death act provides the exclusive remedy under which a plaintiff may seek damages for a wrongfully caused death." *Jenkins v Patel*, 471 Mich 158, 164; 684 NW2d 346 (2004). The wrongful-death statute states, in relevant part, as follows:

> Whenever the death of a person, injuries resulting in death, or death as described in section 2922a shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a, and although the death was caused under circumstances that constitute a felony. [MCL 600.2922(1).]

MCL 600.2922(6) sets forth the damages available in wrongful-death actions. *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 90; 746 NW2d 847 (2008). That provision states, in relevant part, as follows:

> In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. [MCL 600.2922(6).]

The word "including" in MCL 600.2922(6) "indicates an intent by the Legislature to permit the award of any type of damages, economic and noneconomic, deemed justified by the

---

[2] In the trial court, the parties stipulated as to the scope of the claim for conscious pain and suffering and plaintiff withdrew all claims for loss of society and companionship. Accordingly, there are no issues as to non-economic damages before us.

facts of the particular case." *Thorn v Mercy Mem Hosp Corp*, 281 Mich App 644, 651; 761 NW2d 414 (2008). Under the wrongful-death statute "the intervention of death neither limits nor precludes the type of damages that could have been recovered by the person had the person survived the injury." *Id.* at 660. As relevant to this case, our Supreme Court has stated that economic damages include "damages incurred due to the loss of the ability to work and earn money . . . ." *Hannay v Dep't of Transp*, 497 Mich 45, 67; 860 NW2d 67 (2014). However, "[b]ecause an underlying claim 'survives by law' and must be prosecuted under the wrongful-death act, . . . any statutory or common-law limitations on the underlying claim apply to a wrongful-death action." *Wesche*, 480 Mich at 89.

As stated above, the damages available under the wrongful-death statute, MCL 600.2922(6), include "any type of damages, economic and noneconomic, deemed justified by the facts of the particular case." *Thorn*, 281 Mich App at 651. And, economic damages include "damages incurred due to the loss of the ability to work and earn money . . . ." *Hannay*, 497 Mich at 67. Therefore, damages for lost earnings are allowed under the wrongful-death statute. However, as a governmental agency, defendant is immune from tort liability unless an exception under the GTLA applies. MCL 691.1407(1). The GTLA broadly shields and grants to governmental agencies immunity from tort liability and the statutory exceptions are narrowly construed. *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391-392; 822 NW2d 799 (2012).

Plaintiff argues here that the highway exception to governmental immunity permits her claim for lost earnings. It states in relevant part that "[a] person who sustains bodily injury or damage to his property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency." MCL 691.1402(1). Our Supreme Court has defined "bodily injury" as "a physical or corporeal injury to the body." *Wesche*, 480 Mich at 84-85. Although the Supreme Court was construing the motor-vehicle exception to the GTLA rather than the highway exception when defining "bodily injury," both exceptions are part of the GTLA, and "[i]dentical terms in different provisions of the same act should be construed identically[.]" *The Cadle Co v Kentwood*, 285 Mich App 240, 249; 776 NW2d 145 (2009). Therefore, the phrase "bodily injury" in the highway exception also means "a physical or corporeal injury to the body." MCL 691.1402(1) does not define the term "damage," but "when the Legislature uses a word or phrase that has acquired a unique meaning at common law, it is interpreted to have the same meaning when used in a statute dealing with the same subject." *Lewis v LeGrow*, 258 Mich App 175, 184; 670 NW2d 675 (2003).

In *Hannay*, 497 Mich at 51, our Supreme Court was called upon to determine whether the phrase "liable for bodily injury" in the motor vehicle exception to governmental immunity (MCL 691.1405) allowed for the recovery of economic damages, such as work-loss damages, and noneconomic damages, such as pain and suffering to a plaintiff who was injured in a motor vehicle accident. In making its determination, the Court stated that "bodily injury" is the category of harm (i.e., the type of injury) for which the government waives immunity under the motor vehicle exception "and, thus, for which damages that naturally flow are compensable." *Id.* at 64.

Therefore, the legal responsibility that arises from "bodily injury" is responsibility for *tort damages* that flow from that injury. This conclusion is supported by the fact that the GTLA generally grants immunity from "tort liability," and to the extent that this immunity is waived, the resulting liability, logically, is liability for *tort damages.* [*Id.* at 64-65; emphasis in original]

The *Hannay* Court continued, "tort damages generally include damages for all the legal and natural consequences of the injury (i.e., the damages that naturally flow from the injury), which may include damages for loss of the ability to work and earn money, as well as pain and suffering and mental and emotional distress damages." *Id.* at 65. The Court thus held that a plaintiff may bring a third-party tort action for economic damages, such as work-loss damages, and noneconomic damages, such as pain and suffering or emotional distress damages, against a governmental entity if the requirements of the no-fault act have been met. *Id.* at 51, 68. The *Hannay* Court also recognized that while damages that naturally flowed from the injury were compensable, the person seeking such damages must have had a bodily injury. *Id.* at 71-72. Notably, the *Hannay* Court cites the case of *Roberts v Detroit,* 102 Mich 64; 60 NW 450 (1894) for this proposition, stating, that "the issue was whether the highway exception applied" to a plaintiff's loss of consortium claim. *Hannay,* 497 Mich at 71.

This Court stated, "[s]o far as [the highway exception] is concerned, it limits the liability *to cases of bodily injury,*" and concluded that:

The plaintiff's case [for loss of consortium] does not fall within [the highway exception] (1) because he has no right to recover for the *bodily injury—i.e., pain and suffering, etc*—of another; (2) because the statute in terms limits the recovery to the person so injured or disabled. [*Hannay,* 497 Mich at 71, quoting *Roberts,* 102 Mich at 67]

" ' [B]odily injury' in the motor vehicle exception is not a threshold requirement that opens all doors of potential liability for tort damages; rather, it is a *category* of injury for which items of tort damages that naturally flow are available, as confined by the limitations of the no-fault act." *Id.* at 75.

What is taken from *Hannay* is that (1) the tort damages recoverable for bodily injury under the motor vehicle exception and, by extension, to the highway exception, of the GTLA, are only those damages that the injured person suffered (2) the items of tort damages are confined to the limitations of the statute under which the action is brought; here, the wrongful death act. Put another way, under MCL 691.1402(1), a person who sustains a bodily injury as a result of a governmental agency's failure to properly maintain a highway may recover the damages he suffered, from the governmental agency, as limited by the wrongful death act. As our Supreme Court stated, "the wrongful-death act is essentially a 'filter' through which the underlying claim may proceed." *Wesche,* 480 at 88. "As a condition to a successful action under the wrongful death act, it must be shown that the decedent, if death had not ensued, could have maintained an action and recovered damages for his injuries." *Wesche,* 480 Mich 75, 90; 746 NW2d 847 (2008). " '[T]he cause of action of a proper plaintiff under the wrongful death act is a derivative one in that the personal representative of the deceased stands in his shoes and is required to show

that the deceased could have maintained the action if death had not ensued . . . .' " *Id.* at 90, quoting *Maiuri v Sinacola Constr Co*, 382 Mich 391, 396; 170 NW2d 27 (1969).

When the decedent fell off of a motorcycle on May 18, 2014, he clearly suffered "a physical or corporeal injury to [his] body"—in other words, he suffered a bodily injury. *Wesche*, 480 Mich at 84-85. Therefore, if the decedent was alive, under MCL 691.1402(1) he would be able to recover from defendant damages for lost earnings that he suffered as a result of the bodily injury. MCL 691.1402(1); *Wesche*, 480 Mich at 84-85; *Lewis*, 258 Mich App at 184; *Hannay*, 497 Mich at 65. And, despite the fact that the decedent died, his claim against defendant for lost earnings survived. MCL 600.2922(1). Plaintiff, a representative of the decedent's estate, brought this claim under the wrongful-death statute. Because under the highway exception, MCL 691.1402(1), the deceased could have maintained an action against defendant for lost earnings resulting from his bodily injury on May 18, 2014, and because plaintiff was able to bring this derivative claim under the wrongful-death statute, MCL 600.2922(2), the trial court improperly granted defendant's motion for partial summary disposition with regard to plaintiff's claim for damages for the decedent's lost earnings. *Wesche*, 480 Mich at 90.

Defendant argues that plaintiff's claim for damages for lost earnings does not fall under the highway exception to the GTLA because MCL 691.1402(1) allows for damages only for "[a] person who sustains bodily injury" and plaintiff's claim for damages constituted a claim on behalf of the beneficiaries rather than a claim of the decedent. But, as discussed above, this claim was the *decedent's* claim for lost earnings, which survived his death and was brought under the wrongful-death statute by the personal representative who stood in his shoes. The claim is permitted under MCL 691.1402(1).

Defendant attempts to characterize plaintiff's claim as one for lost financial support and argues that because a claim for lost financial support can be brought under the wrongful-death statute by beneficiaries of the estate, this claim is not one for damages suffered by the decedent but rather for damages suffered by the estate's beneficiaries and, therefore, is not allowed under MCL 691.1402(1). Defendant is correct insofar as it argues that damages for lost financial support under the wrongful-death statute are not damages suffered by "[a] person who sustains bodily injury" and, therefore, would not be allowed under MCL 691.1402(1). See, e.g., *Setterington v Pontiac Gen Hosp*, 223 Mich App 594, 606-607; 568 NW2d 93 (1997). However, a claim for lost financial support under the wrongful-death statute is not the same as a claim for lost earnings. Specifically, lost earnings are damages that decedent could have sought on his own behalf had he lived, whereas damages for lost financial support would be sought by one who depended on the decedent for financial support. See, e.g., *id.* Because the damages are distinct, the fact that the wrongful-death statute allows for recovery of lost financial support does not change the character of plaintiff's claim for damages for the decedent's lost earnings.

Finally, defendant argues that the fact that under MCL 600.2922(6)(d) damages are distributed directly to the beneficiaries rather than to the estate indicates that plaintiff's claim was not one for damages suffered by the decedent. We fail to see how the distribution of damages affects the above analysis showing that damages for the decedent's lost earnings resulted from the bodily injury sustained by the decedent and, therefore, were allowed under MCL 691.1402(1).

We reverse the trial court's order granting defendant's motion for partial summary disposition and remand for proceedings in accord with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto