*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

NAWAL DAHER and MOHAMAD JOMAA, Co-Personal Representatives of the ESTATE OF JAWAD JUMAA, also known as the ESTATE OF JAWAD JOMAA,

Plaintiffs-Appellees,

v

PRIME HEALTHCARE SERVICES-GARDEN CITY, LLC, doing business as GARDEN CITY HOSPITAL, KELLY W. WELSH, D.O., and MEAGAN SHADY, D.O.,

Defendants-Appellants.

FOR PUBLICATION
December 1, 2022

No. 358209
Wayne Circuit Court
LC No. 20-004169-NH

---

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

SWARTZLE, J. (*concurring dubitante in the judgment*).

I respectfully concur dubitante in the judgment. I agree with the majority that this Court's earlier decision in *Denney v Kent Co Road Comm*, 317 Mich App 727; 896 NW2d 808 (2016) is squarely controlling here. Under our principle of *stare decisis*, MCR 7.215(C)(2),(J)(1), this panel is bound to follow the holding in *Denney*, and that holding is broad enough to control the outcome in this case. With that said, I question the soundness of *Denney* for at least two reasons:

First, as the majority recognizes, *Denney* did not confront our Supreme Court's decision in *Baker v Slack*, 319 Mich 703; 30 NW2d 403 (1948) or the subsequent court decisions or legislative amendments since *Baker*. In their briefs, defendants and amici curiae set forth this history in great detail, and they argue that history is on their side. While I tend to read the plain text of MCL 600.2922(6)—*in isolation*—as broadly as the *Denney* Court did, this leads me to my next point.

Second, the *Denney* Court did not discuss or even cite subsection (3) of the wrongful death act. In that subsection, our Legislature placed a strict limit on those persons who may be entitled to damages in a wrongful-death suit—specifically, those persons who, among other things, "suffer damages" as a result of the decedent's death. MCL 600.2922(3); see also MCL 600.2922(6)(d)

("The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) *who suffered damages* and to the estate of the deceased *for compensation for conscious pain and suffering, if any . . . .*" (emphasis added)). With respect to the key issue on appeal, i.e., the lost earnings of the decedent, subsection (3) would appear to require that any claim for lost earnings be made by a listed person who can show that the person has "suffer[ed] damages" as a result of those lost earnings of the decedent. In other words, to recover damages for lost earnings under the act, the person would have to establish that the decedent supported the person, which dovetails nicely with subsection (6)'s mention of "financial support" as a category of compensable damages under the act. Thus, when the entire statute is read in context, a broad reading of subsection (6) might not, in fact, be warranted.

This is all to say that there are complicated questions of statutory interpretation, legislative history, and binding precedent, and yet all of these questions are short-circuited by *Denney*. For these reasons, as well as those more fully set forth by Justice VIVIANO in his dissenting statement in *Touma v McLaren Port Huron*, 965 NW2d 550, 551-553 (Mich, 2021) (VIVIANO, J, dissenting), I encourage our Supreme Court to take up this question and definitively answer it.

But, given the current state of the law under *Denney* as illustrated by the majority, I must concur dubitante in the judgment.

/s/ Brock A. Swartzle