*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN STEWART-HINKLEY, Individually and as
Personal Representative of the ESTATE OF
HAYDEN RAYMOND TIMOTHY HINKLEY,

Plaintiff-Appellant,

v

MCLAREN HEALTHCARE CORPORATION,
MCLAREN MEDICAL GROUP, MCLAREN
GREATER LANSING, and AMY FEDERICO,

Defendants-Appellees.

UNPUBLISHED
December 22, 2022

No. 358988
Ingham Circuit Court
LC No. 19-000815-NH

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

In this medical malpractice action under the wrongful-death act, the trial court erroneously dismissed plaintiff's claim for Hayden Hinkley's lost earnings. The trial court ignored this Court's established precedent, *Denney v Kent Co Road Comm*, 317 Mich App 727, 731-732; 896 NW2d 808 (2016) and, instead, relied on *Baker v Slack*, 319 Mich 703; 30 NW2d 403 (1948), which "has clearly been overruled or superseded, and . . .was no longer 'good law' long before this Court decided *Denney*." *In re Jumaa Estate*, __ Mich App __; __ NW2d __ (2022); slip op at 4.

Although lost earnings are not expressly listed in MCL 600.2922(6) as a category of damages recoverable under the wrongful-death statute, the *Denney* Court explained that the Legislature's use of the word "including" reflects an intent "to permit the award of any type of damages, economic and noneconomic, deemed justified by the facts of the particular case." *Denney*, 317 Mich App at 731-732 (quotation marks and citations omitted). Accordingly, "damages for lost earnings are allowed under the wrongful death statute." *Id.* at 732. Because our Supreme Court has not overturned *Denney* or the relevant legal principle therein, it is controlling. MCR 7.215(J)(1); *Jumaa*, __ Mich App at __; slip op at 3-4. Pursuant to *Denney*, plaintiff may recover damages for Hayden's lost earnings to the same extent that Hayden could have recovered those damages if he had survived. *Jumaa*, __ Mich App at __; slip op at 4.

-1-

We reverse the trial court's order granting defendants' motion to preclude recovery of Hayden's lost earnings and remand the case for proceedings in accordance with this opinion. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica