*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH PALOMO, Personal Representative of the
ESTATE OF DENNIS PALOMO,

      Plaintiff-Appellant,

v

DEAN TRANSPORTATION, INC., and OLIVETTE
DRANE,

      Defendants-Appellees.

FOR PUBLICATION
October 5, 2023
9:05 a.m.

No. 357285
Ingham Circuit Court
LC No. 20-000037-NI

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, Joseph Palomo, as the personal representative of the Estate of Dennis Palomo, appeals by leave granted[1] the circuit court's order granting partial summary disposition to defendants, Dean Transportation, Inc., and Olivette Drane, regarding plaintiff's claims for wage-loss damages[2] and survivor's loss benefits on the basis that the no-fault act, MCL 500.3101 *et seq*., allows a person to bring a claim for lost wages against only a no-fault insurer and only up to the point at which the injured person dies. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Plaintiff's decedent, Dennis Palomo, suffered a severe head injury as the result of a collision with a bus while walking along the side of a road. He was unresponsive when paramedics

---

[1] *Estate of Dennis Palomo v Dean Transp Inc*, unpublished order of the Court of Appeals, entered October 25, 2021 (Docket No 357285).

[2] The trial court also granted summary disposition on plaintiff's claim for survivor's loss damages, which plaintiff has not appealed.

and EMTs arrived, was placed in a medically induced coma for 39 days, and never recovered consciousness before he passed away.

Plaintiff brought a complaint asserting negligence or gross negligence against the bus driver and vicarious liability against the company that owned the bus. In parts pertinent to this appeal, plaintiff sought Dennis's lost wages as an element of damages. Defendants moved for summary disposition, arguing in pertinent part that plaintiff was not entitled to recover lost wages because the no-fault act precluded work-loss damages. Specifically, defendants argued that plaintiff should have sought personal injury protection (PIP) benefits from Dennis's insurer and that those benefits ended at the time Dennis died, cutting off his entitlement to work-loss damages.

Plaintiff responded that it had brought a third-party action against defendants and that work-loss damages were not limited to what plaintiff could have recovered in benefits from Dennis's insurer. Plaintiff asserted that it was entitled to recover all damages that resulted from Dennis's death, including the loss of his earnings. Plaintiff also argued that caselaw, including *Denney v Kent Co Rd Comm*, 317 Mich App 727; 896 NW2d 808 (2016), and *Hannay v Dep't of Transp*, 497 Mich 45; 860 NW2d 67 (2014), supported plaintiff's position. Plaintiff asserted that, while the cases also involved the governmental tort liability act, MCL 691.1401 *et seq.*, they provided language that specifically addressed damages available under the wrongful-death act.

The trial court granted summary disposition on the basis that plaintiff was not permitted to seek wage-loss damages from defendants when it had not sought wage-loss benefits from Dennis's insurer. The court specifically held that MCL 500.3107(1)(b) excluded any work-loss damages after the date on which the injured person died. The court opined that plaintiff could recover work-loss damages for the time that Dennis survived after the accident, but that such a claim should have been brought against Dennis's insurer. It granted summary disposition regarding plaintiff's claim for lost wages.

## II. STANDARDS OF REVIEW

This Court reviews de novo a lower court's decision on a motion for summary disposition. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). A party is entitled to summary disposition if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). A motion under this subrule tests the factual sufficiency of a claim. *McMaster*, 509 Mich at 431. "The court must consider all evidence submitted by the parties in the light most favorable to the party opposing summary disposition." *Id*. "Only when the record does not leave open an issue upon which reasonable minds might differ may a motion under MCR 2.116(C)(10) be granted." *Id*. This Court also reviews de novo issues of statutory interpretation. *Denney*, 317 Mich App at 730.

## III. ANALYSIS

Plaintiff argues that the trial court wrongly applied the no-fault act to preclude the work-loss damages that resulted from Dennis's death. Plaintiff is correct because the trial court incorrectly treated plaintiff's third-party action against another driver as if it were a first-party action against an insurer. The limits that apply to a plaintiff in a first-party action against an

insurer, including that work-loss benefits only continue until the injured person's death, do not apply when a plaintiff is seeking damages against a third party.

Under the wrongful-death act, "[a]ll actions and claims survive death." MCL 600.2921. The wrongful-death act provides that, "[i]n every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including . . . damages for the loss of financial support and the loss of the society and companionship of the deceased." MCL 600.2922(6). This statutory language includes damages for lost earnings. *Hannay*, 497 Mich at 67; *Denney*, 317 Mich App at 732.

However, "the wrongful-death act is essentially a 'filter' through which the underlying claim may proceed." *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 88; 746 NW2d 847 (2008). The wrongful-death act does not expand damages to include damages that would not have been available in the underlying action. *Id*. at 89. Accordingly, a noneconomic-damages cap that applies in an underlying action applies to the damages available in a wrongful-death action. *Id*. at 90.

The no-fault act provides in pertinent part that "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death . . . ." MCL 500.3135(1). Under such circumstances, a person remains liable for all future work-loss damages:

> (3) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101(1)] was in effect is abolished except as to:
>
> * * *
>
> (c) Damages for . . . work loss . . . including all future allowable expenses and work loss, in excess of any applicable limit under [MCL 500.3107c] or the daily, monthly, and 3-year limitations contained in those sections . . . . [MCL 500.3135(3)(c).]

MCL 500.3107c provides limits on PIP benefits depending on the coverage level selected by the applicant or named insured.

Additionally, the no-fault act limits PIP benefits as follows:

> (1) Subject to the exceptions and limitations in this chapter, and subject to chapter 31A, personal protection insurance benefits are payable for the following:
>
> * * *
>
> (b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured. Work loss does not include any loss after the date on which the injured person dies. . . . [MCL 500.3107(1)(b).]

When engaging in statutory interpretation, this Court first considers the language of the statute in question. *Denney*, 317 Mich App at 730. MCL 500.3107(1)(c) provides that work-loss does not include loss after the injured person dies when a person seeks *personal protection insurance benefits*. In this case, the estate is not seeking insurance benefits under MCL 500.3107; the estate is suing another driver for negligence and gross negligence and seeking damages for noneconomic losses where the injured person suffered death. MCL 500.3135(3)(c) allows a suit when the injured person has suffered death for work-loss damages amounts "in excess of any applicable limit." The trial court erred by limiting plaintiff's work-loss damages after applying a statute applicable to first-party actions against insurers when this case is a third-party action against another driver.

Plaintiff also argues that the trial court erroneously distinguished binding precedent from this Court and the Michigan Supreme Court on the basis of the additional layer presented by the governmental tort liability act in those cases. Plaintiff is correct that the governmental tort liability act was merely an additionally potential barrier to recovery in *Hannay*, 497 Mich at 50, and *Denney*, 317 Mich App at 732, and that these cases do not become distinguishable merely because that added barrier does not apply in this case. The holdings in both cases provide that a plaintiff who sought work-loss damages against a governmental entity was required to comply with both the governmental tort liability act and the no-fault act. See *Hannay*, 497 Mich at 75-76; *Denney*, 317 Mich App at 733-734. In this case, the governmental tort liability act does not present a barrier because defendants are not government entities, and the no-fault act does not provide a barrier for the reasons previously discussed. These holdings do not become ineffective merely because the first barrier is not present.

We note that defendant argues on appeal that plaintiff is not allowed to recover survivor's loss damages under MCL 500.3108 of the no-fault act because plaintiff was not a dependent of the decedent.[3] However, plaintiff does not contest the trial court's grant of summary disposition regarding survivor's loss on appeal. Plaintiff's claim of appeal was limited to whether plaintiff could recover for lost wages, and this Court granted leave to appeal "limited to the issues raised in the application and supporting brief." *Estate of Dennis Palomo v Dean Transp Inc*, unpublished order of the Court of Appeals, entered October 25, 2021 (Docket No 357285). As such, this issue is not properly before this Court, and the trial court's ruling on survivor's loss will not be disturbed on remand.

We reverse and remand for the trial court to determine whether plaintiff is entitled to work-loss damages under the wrongful-death act, MCL 600.2922(6), under the limitations provided in

---

[3] Survivor's loss damages are paid to people who would receive survivor's loss benefits as defined in MCL 500.3107 to MCL 500.3110. MCL 500.3135(3)(c). Wives, husbands, and children under the age of 18 or who are over that age but physically or mentally incapacitated are presumed to be dependents, MCL 500.3110(1), and "[i]n all other cases, questions of dependency and the extent of dependency shall be determined in accordance with the facts as they existed at the time of death." MCL 500.3110(2).

third-party cases for noneconomic damages in MCL 500.3135—the proper framework for the circumstances of this case.[4]  We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

---

[4] We note that the current guidance available to make this determination appears by way of analogy in cases of wrongful-death medical malpractice.  See *Daher v Prime Healthcare Servs-Garden City, LLC*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 358209); *Zehel v Nugent*, ___ Mich App ___; ___ NW2d __ (2022) (Docket Nos. 357511; 358134).